CASE 76—INDICTMENT—MARCH ˙ 10.

# Mockabee v. The Commonwealth.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. A declaration of a wounded person is made and reduced to writing two hours before his death, when he believed he would recover. If afterwards, showing that he must die, he referred to the declaration and affirmed its truth, it becomes as competent evidence of the wounding as if originally made under the belief that death was then impending.

2. If an officer in the proper discharge of his duty, attempts to make an arrest or to quiet a disturbance, and is killed by one resisting, the killing will be murder if the person doing the killing knew the officer was a conservator of the peace ; but if, under the same circumstances, the person doing the killing is not aware of the official character in which the person killed is acting, the offense is manslaughter.

W. H. HOLT FOR APPELLANT.

1. The declaration of Young is not admissible, because it was not made when he believed he would die.  (3 Ala., 317; 4 Starkie on Ev., 461; 6 Bush, 312.)

2. The declaration of one conspirator, made after the act is committed, is not competent against another.  (Thompson v. Commonwealth, 1 Met., 13 ; 3 Greenleaf, sec. 94; Wharton, 703-4.)

3. The instructions are erroneous.  (1 Wharton, sec. 1031 ; Hall v. Hostetter, 17 B. Mon., 784; Trustees of Owensboro v. Webb, 2 Met., 576 ; Speed v. Crawford, 3 Ibid, 207 ; 1 Hale, 456 ; Fost., 308; Arch., 327; Crim. Code, sec. 271.)

TYLER & HAZELRIGG AND REID & STONE FOR APPELLEE.

1. No error was committed by. the circuit court in permitting evidence for appellee.  (11 Georgia, 615.)

2. The declaration of Young, the wounded man, was reduced to writing two hours before his death, although he then did not believe he would die.  A short time before he died he asserted that all the declaration was true.  It then became competent evidence.  (Wharton's Crim. Law, vol. 1, sec. 674 ; 12 Cox, C. C., 168 ; Young v. Commonwealth, 6 Bush, 317.)

3. There is no error in the instructions given.  (Rutherford v. Commonwealth, 13 Bush, 608 ; Shanahan v. Same, 8 Ibid, 464; Wharton on Homicide, secs. 239, 226, 240, 255, 273 ; Bishop on Crim. Law, vol. 1, sec. 654; East, 314. 315, 319 ; Bl. Com., vol. 4, 200, 316 ; East, 302 ; Wharton on Crim. Law, vol. 2, secs. 1030, 1041 ; 1 Hale, 446 ; Russell on Crimes, 535 ; Mickey v. Commonwealth, 9 Bush, 573.)

Mockabee v. The Commonwealth.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Appellant was jointly indicted with Geo. Howard for the murder of James L. Young, city marshal of Mt. Sterling, and sentenced to the penitentiary for two years. From that conviction this appeal is taken, and the principal error complained of is the admission of what is claimed to be the dying declaration of Young.

The evidence is that the statement was made by Young some two hours before he died, and when he expressed the opinion that he would recover. It was reduced to writing at the dictation of Young and, at the time, read over to and approved by him. A few minutes before the death of Young the witness who had reduced the statement to writing returned to his bedside and found him speechless. The witness rubbed his hands and temples, and in a few minutes. Young recovered his speech and said to the witness: "Jim, I'll die in a few minutes," to which the witness replied "Yes, you will," and then said, presenting the written statement, "Jim, I have in my hand the statement you made awhile ago of how you were killed. I now want to know whether it is true." To this Young responded, "It is." The witness then said, "Shall I sign it for you?" to which Young nodded assent, and the paper was signed in his presence. Immediately after this Young called for some insurance policies and made disposition of some personal property. The evidence shows that he was entirely conscious at the time of this last interview, and although the written statement was not re-read to him at that time, there is nothing to indicate that he did not fully understand its import and did not fully reaffirm the statement contained in it. It being perfectly manifest that the mind of the deceased was clear at the time of this last conversation, and that he understood the

contents of the paper containing a statement of the circum-stances of the wounding, there appears no reason for exclud-ing this evidence simply because the paper was not re-read to him at the time the assent to its correctness was given.  The only purpose to be accomplished by re-reading the paper to the deceased would have been to refresh his memory and to make it sure that the deceased, at this solemn moment; in the very presence of death, and with an understanding mind, bore testimony to the truth of the statement made without the sanction of the knowledge of impending disso-lution.  The restatement or reaffirmation gives the sanction without which the declarations would not be admissible, and when that sanction is added, the evidence is competent as it would be if made then for the first time. . Dying declara-tions are not necessarily either written or spoken.  Any method of communication between mind and mind may be adopted that will develop the thought, as 'the pressure of the hand, a nod of the head, or a glance of the eye.  In this instance the evidence of those who were present at the bedside of the dying man, as well as the manner in which he bore himself, show conclusively that his mind was clear and that he remembered what he had previously stated.  There can be no doubt that the court ruled correctly in admitting the written statement in evidence.

The evidence as to the statements of William Howard, made about the close of the difficulty, was competent as a part of the *res gestæ*.  They were sufficiently near, both as to time and place, to illustrate the character of the trans-actions.  But if they were not competent we would not reverse on account of their admission alone, because it does not appear that they were prejudicial to appellant.

The objections by counsel to the instructions given, although not well taken, will not be discussed in detail, but as there is no reported case in this state in which the same phases are presented as in this, we deem it proper to quote the leading instructions and to make reference to the authorities in support of them.

The controlling instructions are as follows:

"1. The court instructs the jury that the city marshal of Mt. Sterling had the right and it was his duty by law to be on the streets of said city, and to arrest any person who in his presence by boisterous or disorderly conduct, wrangles, quarrels, or profane language disturbs the peace, quiet or good order within said city, and he had the right to use such force as was necessary to make such arrest, to secure the custody of the offender and to suppress such disturbance.

"2. If the jury believe from the evidence, beyond a reasonable doubt, that Jas. L. Young was the city marshal of Mt. Sterling, in Montgomery county, Kentucky, and as such officer and in discharge of his official duties as defined in instruction No. 1, arrested or attempted to arrest George Howard or William Howard in said city and county, before the finding of the indictment, and while so engaged said George Howard refused to be arrested by him or with force resisted such arrest or attempted arrest of himself or William Howard, and with a pistol then and there wilfully and knowingly shot and killed said Young, and they further believe from the evidence, beyond a reasonable doubt, that the defendant, Henry Mockabee, knew or had notice that said Young was marshal as aforesaid, or acting as such, and was present or near enough to give assistance during the contest in which said Young was killed, and did then and there wilfully and knowingly take part in said contest by either aid-

ing, abetting, assisting, advising, inciting or encouraging said Howards or either of them in making .such resistance, they should find him guilty of murder, and fix his punishment at death or confinement in the state penitentiary for life, in their discretion.

" 3. If the jury believe from the evidence, beyond a reasonable doubt, that James L. Young was the marshal of Mt. Sterling, in Montgomery county, Kentucky, and as such officer and in the discharge of his official duties, as defined in instruction No. 1, arrested or attempted to arrest George Howard or William Howard, in said city and county, before the finding of the indictment, and while so engaged said George Howard refused to be arrested by him, or with force resisted such arrest or attempted arrest of himself or of Wm. Howard, and with a pistol then and there knowingly and wilfully shot and killed said Young, and they further believe from the evidence, beyond a reasonable doubt, that the defendant, Henry Mockabee, was present, or near enough to give assistance during the contest in which said Young was killed, and did then and there wilfully take part in such contest, by either aiding, abetting, assisting, advising, inciting, or encouraging said Howards, or either of them, in making such resistance, but that he did not at the time know or have notice that said Young was said marshal, or acting as such, or that he did not know the origin and purpose of such resistance, they should find him guilty of manslaughter, and fix his punishment at confinement in the state penitentiary for not less than two nor more than twenty-one years."

There is a sacredness attaching to and surrounding the person of a conservator of the peace, while engaged in the discharge of his duty, that should not be lost sight of. He

embodies the law in its majesty.   A blow aimed at him is a blow aimed at the life of civil government.

In Blackstone, b. 4, chapter 14, page 201, it is said that it is murder "if one kills an officer of justice, either civil or criminal, in the execution of his duty, or any of his assistants, endeavoring to conserve the peace, or any private person endeavoring to suppress an affray or apprehend a felon, knowing his authority or the intention with which he interposes."

In East's Pleas of the Crown, volume 1, page 303, it is said: " A constable or other known conservator of the peace may lawfully interpose upon his own view to prevent a breach of the peace, or to quiet an affray; and if he or any of his assistants, whether commanded or not, be killed, it will be murder in all who take part in the resistance; there being implied or express notification of the character in which he interposes."

When there is no notification of the character in which the person killed is acting, the killing will be manslaughter only. (East's Pleas of the Crown, vol. 1, page 314; Wharton's Criminal Law, sec. 1041.)

As bearing upon these questions see also Wharton's Criminal Law, sec. 1030; Bishop on Criminal Law, vol. 2, sec. 654; Russell on Crimes, vol. 1, page 535; Hale's Pleas of the Crown, vol. 1, page 446; Wharton on the Law of Homicide, page 54.

Judgment affirmed.