[No. 20993. In Bank.—March 29, 1894.]

## THE PEOPLE, RESPONDENT, *v.* CHARLES M. CREWS, APPELLANT.

CRIMINAL LAW—HOMICIDE—EVIDENCE—DYING DECLARATION.—Upon the trial of a defendant accused of homicide, a written statement of the circumstances attending the shooting, which was reduced to writing, and signed and verified by the affidavit of the deceased, at a time when he was not impressed with a sense of impending death, but which was reaffirmed as a true and correct account of the facts after knowledge of impending death, is properly received as a dying declaration; and the reaffirmation of the matters set forth in the statement when all hope of recovery had gone is sufficient to constitute a repetition or restatement of the same matters, and with the same effect as if such matters had then been reduced to writing and signed.

ID.—RECOLLECTION OF PRIOR STATEMENT—REREADING.—Where the evidence leaves it clear that when the deceased reaffirmed the correctness of the prior statement he had a clear recollection of its contents, the fact that it was not then reread to him is immaterial.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Ross Campbell,* and *John T. Campbell,* for Appellant.

The written statement of the deceased was not admissible in evidence, as it did not meet the requirements of the law as to dying declarations. (Code Civ. Proc., sec. 1870, subd. 4; *People* v. *Taylor,* 59 Cal. 640; *People* v. *Fong Ah Sing,* 64 Cal. 253; *People* v. *Hodgdon,* 55 Cal. 72; 36 Am. Rep. 30; *People* v. *Wasson,* 65 Cal. 538; *People* v. *Ah Dat,* 49 Cal. 652; *People* v. *Sanchez,* 24 Cal. 24; *People* v. *Glenn,* 10 Cal. 33; *People* v. *Hall,* 94 Cal. 595.)

*Attorney General W. H. H. Hart, Deputy Attorney General Charles H. Jackson, Deputy Attorney General W. H. Layson,* and *Assistant District Attorney J. R. Leppo,* for Respondent.

The affirmation of the written statement just prior to the death of the deceased rendered the statement admissible as a dying declaration. (6 Am. & Eng. Ency. of

Law, 117; *Mockabee* v. *Commonwealth,* 78 Ky. 380; Whar-
ton's Criminal Evidence, 9th ed., p. 216, sec. 287; *Peo-
ple* v. *Bemmerly,* 87 Cal. 119.)

DE HAVEN, J.—This is an appeal by the defendant
from a judgment convicting him of the crime of murder
in the second degree, and sentencing him to impris-
onment for life, and also from an order denying his
motion for a new trial.

The deceased, M. H. Byrn, was shot by the defendant
during the evening of July 5, 1892, and early in the
morning of the next day made a statement of the cir-
cumstances attending the shooting, which was reduced
to writing, and signed and verified by his affidavit.    At
the time this statement was made the deceased was not
impressed with a sense of his impending dissolution;
but about ten o'clock of the evening of the same day he
was informed by the attending physician that his wound
was mortal, and his attention was called to the statement
previously made by him.    He then said that he did not
wish to make any change therein.    There was then ap-
pended to the statement the following, which was read
to the deceased, and signed by him.

"The above and foregoing statement I have made as
a true and correct account of the facts relative to my
being shot by Charles M. Crews, and I make said state-
ment with full knowledge that my recovery is impos-
sible, and under the sense of impending death."

Upon proof of the foregoing facts the written state-
ment was admitted in evidence as the dying declaration
of the deceased.    The defendant objected thereto, and
this ruling of the court is assigned as error.    The de-
fendant contends that the declaration was not made
under a belief of immediate death, and that the subse-
quent ratification was not sufficient to entitle it to be
admitted as a dying declaration, especially in view of
the fact that the statement was not read to the deceased
at the time of such ratification.

We think the paper was properly received as a dying

declaration, although when originally given the statement which it contains was not made by the deceased under a belief that he was in the immediate presence of death. But the truthfulness of this particular statement was subsequently reaffirmed by the deceased when all hope had gone, and this constituted a repetition or restatement of the same facts, as much so as if such matters had been again reduced to writing, and signed by the deceased at the time of their repetition; and such repetition is to be regarded as a declaration then made by him at a time when he believed he was in the very presence of death, and was admissible in evidence as such. (*Mockabee* v. *Commonwealth*, 78 Ky. 380; Wharton on Criminal Evidence, 8th ed., sec. 287.)

The evidence leaves it entirely clear that when the deceased reaffirmed the correctness of the prior statement he had a clear recollection of its contents, and, under these circumstances, the fact that it was not then reread to him becomes immaterial.

The court did not err in any of the instructions given, or in refusing or modifying certain instructions requested by the defendant, nor in any of its rulings relating to the admissibility of evidence. The trial in the superior court seems to have been entirely fair to the defendant, and he has no legal reason to complain of the result.

This conclusion renders it unnecessary to consider the motion of the assistant counsel for the people to strike out the bill of exceptions found in the record, or the motion to dismiss the appeal from the order denying a new trial.

Judgment and order affirmed.

Garoutte, J., Fitzgerald, J., McFarland, J., Harrison, J., and Paterson, J., concurred.