## Madden v. Meehan, et al.

(Decided December 13, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Policemen—Action Against Policeman for False Arrest—Arrest Without Warrant.—In this action for an alleged false arrest brought against a police officer and the sureties in his official bond, the defense presented by appellees' answer being that appellant's arrest was made by the officer for an offense committed in his presence, which, if true, authorized the arrest without a warrant: Held, That in the absence of a bill of exceptions containing the instructions and evidence given and introduced on the trial, the appellate court will not disturb a verdict in favor of the officer and his sureties, if such verdict is supported by the pleadings.

2. Policemen—When May Make Arrest Without a Warrant.—A policeman of the city of Louisville, like any other peace officer,

can make an arrest without a warrant only, where a public offense is committed in his presence, or he has reasonable grounds for believing that the person arrested has been guilty of a felony.

3. Policemen—Arrest by Without a Warrant—Provision of Statutes —Construction of.—A provision of section 2885, Kentucky Statutes, declaring that policemen of cities of the first class, "may with or without a warrant," arrest persons guilty of offenses against the laws or ordinances of such cities, was not intended to, and does not, give further power to peace officers or vary from the general law, even if it could constitutionally be done.

T. A. McDONALD for appellant.

JOSEPH S. LAWTON for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was brought by the appellant against the appellee, Pat Meehan, a policeman of the city of Louisville, and the sureties in his official bond, to recover damages for his alleged false arrest at the hands of the officer; it being averred in the petition that the arrest was maliciously made, without probable cause and without a warrant, for an alleged misdemeanor, to-wit: Keeping a disorderly house; which was not committed in the officer's presence and of which appellant was not guilty. On the trial the jury returned a verdict in favor of appellees, upon which judgment in their behalf was properly entered. In due course appellant filed motion and grounds for a new trial, but the motion was overruled and he has appealed.

His first complaint is that the trial court erred to his prejudice in permitting the filing of appellee's amended answer. The original answer merely traversed the averments of the petition. The amendment denied that appellant was arrested for keeping a disorderly house, and alleged that the arrest was made because of his carrying concealed upon his person a deadly weapon, a pistol; which offense, as further alleged, was committed in the presence of the officer and for that reason that the arrest was legally made by the latter without a warrant.

As the record fails to show that appellant objected to the filing of the amended answer or that he excepted to the order filing it, the objection will not now be considered by us as it cannot be raised for the first time on appeal.

It is also insisted for appellant that the trial court should have sustained his demurrer to the answer as amended, and also his written motion to strike from the amended answer certain parts thereof indicated in the motion. As it does not appear from the record that the court ruled either on the demurrer or motion, that it was asked to do so or that an exception was taken to its failure to pass on them, we cannot on this appeal say that its failure to sustain them was error, but will presume that both were waived by the filing of appellant's reply.

Appellant's most serious contention is that neither the answer as amended, nor the evidence introduced in appellee's behalf, presented a defense to the action; in view of which it is claimed, that the court, instead of instructing the jury as was done, should have submitted the case to them under instructions advising them that the arrest was illegal and defining the measure of damages recoverable.

The record does not contain the evidence introduced on the trial, and, while the instructions that were given, as well as those offered by appellant and refused, are copied in the record, they have not by bill of exceptions filed or approved by the court below, been identified or made a part of the record. This being true it only remains for this court to determine whether the pleadings support the verdict. Martin v. Richardson, 94 Ky., 183; Bibb, &c. v. Miller, &c., 11 Bush, 306.

We think the facts alleged in the amended answer presented a good defense to the action. Stripped of certain redundant expressions and matters of evidence set out in the first paragraph, it, in substance, alleges that the appellee, Meehan, accompanied by one Williams, went in his official capacity, as a policeman, to interview appellant with respect to a charge of his maintaining a disorderly house in the city of Louisville, made by Williams, which is an offense under an ordinance of that city; that after finding appellant at or near his home, the officer entered into a conversation with him as to the offense charged, which conversation was prolonged until the parties arrived at a house in the neighborhood, to which they repaired at the officer's request, for the purpose of investigating a complaint made of appellant by the resident thereof; that while at this house the discovery was made by the officer that

appellant had concealed upon his person a pistol, which caused his immediate arrest at the hands of the officer.

It is true that we find it stated in the first paragraph of the amended answer, that the officer, before discovering appellant's possession of the pistol, had requested him to go to police headquarters with him, to which the latter consented; but it does not appear from any fact alleged that he had placed him under arrest before the discovery of the pistol. On the contrary, it is distinctly alleged that the officer had not done so and that the discovery by him of the pistol concealed upon appellant's person, was the sole cause of the arrest.

As, in testing the sufficiency of the amended answer the facts alleged therein should be taken as true, we must conclude that it presents a good defense, and in the absence from the record of the evidence heard on the trial, we must presume that it conduced to sustain the averments of the answer. Carrying concealed a pistol, upon or about one's person is an offense defined and punished by section 1309, Kentucky Statutes. Section 1310, Kentucky Statutes, makes it the duty of ministerial officers to apprehend all persons guilty of this offense, and section 1311 provides that any such officer who shall knowingly and wilfully refuse to discharge any of the duties required of him by section 1310, shall, upon indictment and conviction, be fined not less than $100 nor more than $500. As appellant was discovered by Meehan in possession of the pistol concealed upon his person, the latter had the right to arrest him without a warrant or other process, as the offense was committed in his presence; and, in the absence from the record of a bill of exceptions containing the evidence, we must assume that it conduced to prove that this was the offense for which he was arrested, and that the arrest without a warrant was authorized because of its commission in the presence of the officer.

The brief of appellee's counsel claims for the appellee, Meehan, a right not asserted by the amended answer, that of authority to make an arrest for a misdemeanor without a warrant, even if the offense be not committed in his presence; such power, it is insisted, being conferred upon police officers of a city of the first class, like Louisville, by section 2885, Kentucky Statutes, which, after generally defining their duties. clothes them with authority.

"To repress and restrain all unlawful or disorderly conduct or practices therein; enforce or prevent the violation of all laws and ordinances in force in said city; and for these purposes, *with or without a warrant,* to arrest all persons guilty of violating any law or ordinance for the suppression of crimes or offenses."

We are far from sustaining this contention. Waiving consideration of the question, whether such power as is claimed for the police officer, would amount to a violation of the provisions of section 10, Bill of Rights, Constitution, or those of subsection 29, section 59, or section 60, of that instrument, we are clearly of opinion that it is not conferred by the section of the statute, supra. The authority it gives to make an arrest, "with or without a warrant," is no greater than that which, from time immemorial, has been exercised by peace officers under the common law. The expression, "with or without a warrant," has no other meaning than that policemen of the city of Louisville like other peace officers may, without a warrant, make an arrest for a misdemeanor, if committed in his presence, or for a felony, if he has reasonable grounds for believing that the person arrested has committed a felony. That there may be no doubt as to the duties and powers of peace officers, in the matter of making arrests, they are specifically set forth by section 36, Criminal Code, which provides:

"A peace officer may make an arrest—1. In obedience to a warrant of arrest delivered to him. 2. Without a warrant when a public offense is committed in his presence, or when he has reasonable grounds for believing that the person arrested has committed a felony."

The powers here mentioned are cumulative and meant by the Code to be merely explanatory of the common law; and as a policeman has no more power than any other peace officer, he cannot go beyond the restrictions imposed by the Code.

In Jameson v. Gaernett, 10 Bush, 221, we had under consideration a provision of the then charter of the city of Louisville, containing, with reference to the powers of its police officers in making arrests, the words "with or without a warrant" found in section 2885, Kentucky Statutes, but we therein held that they were not intended to give the police of that city any further power than that conferred upon other peace officers by the general law. In the opinion we said:

"The provision of the charter referred to is as follows: 'Policemen may, with or without a warrant, arrest persons guilty of offenses against the laws or ordinances of the city.' We do not regard this enactment as necessarily conflicting with the general law which defines and limits the power of the arresting officers; but if we did so construe it, we should hesitate to decide that it was not an infringement of the constitutional guaranty of security to the people, 'in their persons, houses, papers and possessions against unreasonable seizures and searches.'"

In Weaver, &c. v. McGovern, 122 Ky., 1, the same question was again before us and we again held that a police officer only had the right to make an arrest for a misdemeanor without a warrant where the offense was committed in his presence. The facts were that a policeman had been detailed at a polling place to preserve order, and there was a great noise and confusion in the room, such as to indicate that a fight was in progress, and some one cried out for help. On the state of case thus presented it was held that the arrest of one of the persons present by the police officers was justifiable as there was a commission of a public offense, by the person arrested, in the presence of the officer.

It will be found upon examination that the doctrine anounced in Jameson v. Gaernett, &c., and Weaver v. Glover, &c., supra, has been approved in the following cases: McAbee v. Commonwealth, 78 Ky., 380; Fleetwood v. Commonwealth, 80 Ky., 2; Palmer v. Commonwealth, 6 R., 510; Wright v. Commonwealth, 85 Ky., 123; Wing v. Commonwealth, 7 R., 216; Dilger v. Commonwealth, 88 Ky., 550; Curran v. Taylor, 92 Ky., 537; Riggs v. Commonwealth, 17 R., 1055; Lyman v. Commonwealth, 55 S. W., 686; Hughes v. Commonwealth, 19 R., 497; Johnson v. Collins, 28 R., 375; Reed v. Commonwealth, 125 Ky., 126; Meyers v. Dunn, 31 R., 926; Commonwealth v. Robinson, 27 R., 14; Helm v. Commonwealth, 26 R., 165; Hendrickson v. Commonwealth, 26 R., 224; Commonwealth v. McCann, 123 Ky., 247; Stevens v. Commonwealth, 124 Ky., 32; Franks v. Smith, 142 Ky., 232.

The conclusion reached in Commonwealth v. Marcum, 135 Ky., 1, does not conflict with the doctrine announced in the cases supra. In that case we held that section 806, Kentucky Statutes, which authorizes the conductor of a railroad train either to arrest or put off

the train persons who are disorderly and boisterous thereon, in his presence, or to deliver such disorderly person to a peace officer at the first station, to be placed under arrest by the latter without a warrant, does not violate the Constitution, section 10, Bill of Rights, providing that the people shall be secure from unreasonable searches and seizures. It appears from the facts of the case that a peace officer on the train, at the instigation of the conductor, attempted to arrest John Whittaker, a passenger, for drunkenness, boisterous conduct and flourishing a pistol. Whittaker resisted the arrest and assaulted the officer, who, in self-defense, shot and killed him.

Although the opinion might safely have justified the action of the officer upon the ground of his personal knowledge of the offense committed by Whittaker, it seems to go further and hold, that the statute is a wholly reasonable and necessary enactment, because required for the safety of passengers on trains and that trains cannot be held at stations until the conductor goes to a peace officer and swears out a warrant for the arrest of offenders. The opinion, however, distinguishes the case from that of Jameson v. Gaernett, supra, and expressly approves the doctrine therein announced. The opinion on that aspect of the case saying:

"The question as to whether a search or seizure of the person of a citizen is reasonable under the Constitution is a relative one. It might not be reasonable to seize or search the person of a citizen for a misdemeanor where he was at large in the city or country and where the circumstances would generally be such that a warrant could be secured in advance of the arrest. But it would not be reasonable to require the officer to wait for a warrant if the offense was a felony, because here the gravity of the offense and the importance to the public of the prompt seizure of the criminal overrides the unreasonableness of the search or seizure without a warrant. And so, in the case at bar, the circumstances which require the arrest of an offender against the statute are such as to make it reasonable that a peace officer should be authorized upon the request of the conductor of the train to arrest the violator without a warrant and without the offense for which the arrest was to be made being done in the presence of the officer."

We approve the rule laid down in that case, but the case at bar rests upon a wholly different state of facts

as the arrest seems to have been made by the officer on the street for an offense committed in his presence, and as the pleadings, fairly construed, support the verdict declaring that it was so done, no reason is presented for reversing the judgment.

It is, therefore, affirmed.

Whole court sitting.