## Penn Furniture Company v. Ratliff.

(Decided March 10, 1922.)

### Appeal from Pike Circuit Court.

Appeal and Error—Instructions—Evidence.—The instructions given in a jury trial must be predicated upon the issues made in the pleadings and the facts appertaining thereto which arise from the competent evidence heard upon the trial, but evidence which is not relevant to an issue in the pleadings cannot be considered.

AUXIER, HARMON & FRANCIS for appellant.

J. S. CLINE and J. E. CHILDERS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Reversing.

On October 17, 1917, the appellee, F. F. Ratliff, sold to the appellant, Penn Furniture Company, all of the timber trees of every kind and character, which were on a tract of land, containing several hundred acres, and on the same date executed a deed to it, by which he conveyed the title to the trees, and, also, various privileges on the lands in the way of the right of free egress and ingress, for its agents and employes for the purpose of cutting down, manufacturing the trees into lumber and removing it from the lands, including the right to set up and operate mills, to open roads, to build tramways, and to do whatever was usual and customary, in such operations. Among other things, which under the terms of the deed, the appellant had a right to do, was to have the use and possession of any houses, then upon the lands to be occupied by its employes, the right to erect other necessary houses, the places for their erection to be designated by

the appellee. It was, also, contracted by the execution and acceptance of the deed that appellant should have four years, in which to cut and remove the timber trees, and at its option an additional year for a further consideration; but, when it had completed the removal of the trees from a creek or branch, it should release to appellee its right to use such ground, further. It had no right to make use of any of the lands, for farming purposes, that is to raise crops or to pasture cattle. There were about one hundred acres of the land, cleared and cultivatable, and the remainder was unimproved and covered with trees. The appellant, though, had a right to use the cleared lands, for any purposes necessary to conducting its business, in cutting the trees, manufacturing them into lumber, and removing the lumber from the lands. At the time the contract, embraced in the deed was entered into, one Harry Ratliff lived in a house upon the land, and had been there for two or three years, as a tenant of appellee, paying to him a rental of one-third of the corn grown by him. Harry Ratliff secured employment from appellee, and as appellant contends, as such employe was permitted by it to continue to occupy the house, where he was living, until he completed the job, for which he was employed, which employed him during the year, 1918, and until the autumn of the year, 1919, when he moved away; but, as appellee contends, the appellant let to rent the cleared lands to Harry Ratliff for farming and grazing purposes, to be enjoyed by him, to the extent, so that it did not interfere with such privileges and rights as appellant had and exercised upon the lands, and that as a tenant and by the authority assumed by it, he raised crops upon the cleared lands, and pastured them with cattle, during the year, 1918, and 1919 up to the filing of the action. On the 30th day of July, 1919, the appellee instituted this action, alleging, that while appellant was in the possesion of the lands, under the deed executed by him to it, and for the purpose of exercising the rights, it possessed, under the deed and no other, that it wrongfully let the cleared portions of the land to rent to tenants for raising crops and for purposes of pasture, and they had cultivated and pastured the lands without his knowledge and against his consent, during the years, 1918 and 1919, and by the direction and authority of appellant, to his damage in the sum of $600.00.

The appellant answered, traversing all the averments of the petition.

Thereafter, a trial was had on the 15th and 16th days of June, 1920, which resulted in a verdict by the jury and a judgment of the court, in favor of appellee against appellant, in the full sum sued for. A motion for a new trial having been made and denied, the Furniture Company has appealed.

One of the grounds for reversal relied upon is, that the court abused its discretion, in overruling its motion for a continuance, resulting in it being forced into a trial, without the presence of any of its witnesses, who, it claims, were prevented from being present by unavoidable casualty and misfortune; but it is not deemed necessary to review this complaint of the judgment, as a reversal will have to be had, upon another ground, and the causes of continuance relied on, will probably not occur again.

The other grounds for reversal of the judgment relied upon, is, that the trial court, was in error:

(1)   In the admission and rejection of evidence.

(2)   In instructing and refusing to instruct the jury.

(3)   The verdict is excessive, resulting from passion and prejudice.

(a)   No substantial error appears, in the rulings, touching the admission of testimony to which any objection was made. The evidence offered to prove the consideration for the written contract entered into between Harry Ratliff and appellant, by which the latter acquired the right to construct a tram road over the former's land was admitted over the objection of appellant, but, it has been often held, that parol evidence may be heard to prove the consideration of a written obligation. We observe no error in rejecting any testimony.

(b)   The court did not err in refusing the instructions offered by appellant, and hence it is not necessary to advert to them. The instruction No. 1 given by the court, and which was objected to, is in our opinion erroneous, and prejudicial to appellant's substantial rights. It, in the first place, submits to the jury for decision, the question, whether the appellant had "exceeded the rights given it under the deed from plaintiff to defendant, and read in evidence herein." Whether, it had exercised control over the land, in excess of its rights, when the facts were ascertained, was a legal question, which it was the duty of the court to decide, and beyond the province of the jury. As an abstract question, the appellant had no right to let to rent for the purpose, or to direct any portion of the

land of appellee to be cultivated or pastured, as the language of the instruction says, but such submission was, too broad, and outside of the pleadings, as appellee does not charge the appellant with letting to rent for any purpose, any portion of the lands, except the cleared lands, and the instruction should have confined the issue to the cleared lands, as the pleadings do. The appellant, being sued, for letting to rent the cleared lands, for cultivation and pasturage, and it being averred, that they were the lands cultivated and pastured by the tenants of appellant, it would not be prepared to defend itself, for letting to rent any other portion of the lands. Further, the action was instituted, as heretofore stated, on the 30th day of July, 1919, and the appellee, without an amendment of his petition to embrace a later period, could not recover any damages incurred by him except up to the filing of his action, nor could he introduce evidence to prove any damages since that time. This arises from the very good reason, that one can never recover something, that he does not sue for, and besides a judgment, which awards something, which is not sued for, is not supported by the pleadings. The instruction, complained of, directs the jury to find for the plaintiff, the reasonable rental value of the land up to the time of the trial, which is about one year of time, in excess of the time claimed in the petition and thus is not embraced by the pleadings, and about which no issue was made. A familiar rule founded in the logic of legal procedure is, that the instructions must in every case be predicated upon the issues made in the pleadings, and the facts appertaining to the issues, based upon some competent evidence at the trial. Hunt Contracting Co. v. Tate, 152 Ky. 739; Forrest v. Winter, 149 Ky. 759; Carter Coal Co. v. Bayes, 183 Ky. 29; L. & N. R. Co. v. Logan's Admx., 178 Ky. 29; L. & N. R. Co. v. Moore, 150 Ky. 692; Morgan v. C. & O. Ry. Co., 127 Ky. 433; Mathis v. Bank of Taylorsville, 136 Ky. 634. Other cases shedding light upon and in support of the foregoing principles are Bauer Cooperage Co. v. Shelton, 114 S. W. 257; Wilkes v. Barnes, 79 Ky. 323; Mize v. Godsey, 18 K. L. R. 287; Phoenix Ins. Co. v. Lawrence, 4 Met. 9; Bolling v. Doneghy, 1 Duv. 220.

(c) That the verdict was excessive is apparent. Even, if the damages continued to be suffered up to the time of the trial, the highest sum, which was proven to have been suffered for the period of one year, was $200.00, and at that rate, for the years, 1918, 1919 and half of the

year 1920, would be only $500.00, or $100.00 less than the verdict, and limiting the recovery, at that rate, up to the filing of the petition, and all that was covered by the pleadings, or about which an issue was made, would be only $300.00.

In the present state of the pleadings, with the issues as made, the jury should have been instructed, in substance, that if it believed from the evidence, that the appellant had by contract let to rent for cultivation or grazing, or directed to be cultivated or grazed, any part of the cleared land, embraced in the deed of appellee to appellant, and that by virtue of the contract, by which appellant had let to rent, or directed the cultivation or grazing of such land, the cleared land, or any part of it had been cultivated or grazed during the years, 1918, or 1919, up to the time of filing the action, it, the jury, should find for appellee a sum equal to the reasonable rental value of the lands so let to rent or directed to be cultivated or grazed and which were so cultivated or grazed, during said time, but, not to exceed $600.00, the amount sued for. An instruction embracing the converse of the foregoing should, also, have been given, so that, the contention of each party would have been presented to the jury. In addition to the foregoing instructions, the jury should have been directed, that the rental value of the lands so cultivated or grazed, was their reasonable rental value, encumbered as they were by the rights and privileges of appellant, in the lands, as shown by the provisions in the deed of appellee to appellant.

The judgment is therefore reversed, and cause remanded for proceedings not inconsistent with this opinion.