## Wilder et al. v. Bailey.

(Decided February 25, 1930.)

LAWRENCE S. GRAUMAN for appellants.

JOSEPH M. HAYSE for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Marvin A. Bailey sued Abe Wilder and five others to recover damages for false imprisonment and assault and battery. At the time complained of, five of the defendants were police officers of the city of Louisville, and the other defendant was the corporate surety upon the official bond of each of the five officers. The petition alleged the appointment and qualification as policeman of each of the individual defendants, the corporate capacity and powers of the surety company, and the execution of the various bonds wherein it was agreed with the city of Louisville and any others concerned to indemnify any one suffering from the wrongful and unlawful acts of the officers. It was then charged:

"Plaintiff states that on or about the 8th day of August, 1927, the defendants, Abe Wilder, Timothy P. Swift, Albert (Pat) Shehan, Clem H. Johnson, and Robert W. Peebles and each of them, unlawfully and without having legal or any authority, maliciously, violently, and without reasonable, apparent, probable, or any cause, assaulted, beat, knocked down, bruised and injured this plaintiff, to his damage in the sum of $10,000.00, and because of said acts of the aforesaid defendants, and each of them, the plaintiff incurred expense in the employment of a physician in the additional sum of $10.00, and other damages in the additional sum of $4.00.

"Paragraph 11. Plaintiff states that on or about the 8th day of August, 1927, the defendants, Abe Wilder, Timothy P. Swift, Albert (Pat) Shehan, Clem H. Johnson and Robert W. Peebles, and each of them, unlawfully, and without legal or any author-

ity and without reasonable, apparent, probable, or any cause, falsely, maliciously, and wilfully arrested and made prisoner this plaintiff and forced him to go as prisoner into and along the streets of the City of Louisville, Jefferson County, Kentucky, to the police station of said city, and there imprisoned him, and kept him in prison until he executed bond to obtain his release, whereby plaintiff was irreparably humiliated and mortified to his damage in the sum of $10,000.00, and because of the said acts of the aforesaid defendants, and each of them, plaintiff incurred additional expense of employing an attorney in the sum of $50.00.''

Wilder and Shehan filed a joint and separate answer in five paragraphs. The first and second paragraphs contained denials of the averments we have quoted from the petition. The third paragraph pleaded that the plaintiff committed the offense of disorderly conduct in the presence of the officers for which they undertook to arrest him, whereupon he offered forcible resistance, and the answering defendants used only such force as was necessary to subdue the resistance and accomplish plaintiff's arrest. In the fourth paragraph they pleaded that at the time complained of in the petition plaintiff first assaulted the officers, and they defended themselves, using no more force than was necessary to that end. In the fifth paragraph it was pleaded that such imprisonment as occurred was for an offense committed in their presence, and was continued only a reasonable time until a bond for plaintiff's appearance in the police court could be given. A reply was filed traversing the affirmative allegations of the answer. Timothy P. Swift and Clem H. Johnson filed a joint and separate answer in two paragraphs, consisting simply of a traverse of the allegations of the petition in so far as it applied to them. Robert W. Peebles was not served with summons. The surety company is not a party to this appeal, and the proceedings taken concerning it need not be noted. A trial resulted in a verdict and judgment in favor of plaintiff for $1,014. Upon this appeal by the four individual defendants complaint is made regarding certain rulings regulating the admission of evidence and respecting the instructions to the jury. The complaints concerning the admission of evidence require no discussion. The relevancy of the matters involved was not clear, and their bearing on the issues presented was so remote that the

rejection or admission of the testimony was inconsequential.

In order to understand the criticisms of the instructions given, it is necessary to set them out in full:

"1. The court instructs the jury that the defendants had the right and it was their duty to arrest the plaintiff, Marvin A. Bailey, for disorderly conduct and in doing so they had the right to use such force as was reasonably necessary to subdue and arrest him; and if you believe from the evidence in this case that the defendants Wilder and Shehan, Swift and Johnson, or either of them used no more force than was reasonably necessary to subdue and arrest the plaintiff, Marvin A. Bailey, then the law of the case is for the defendants and each of them and you should so find.

"The court further instructs the jury that if they do not find, from the evidence, for the defendants, under Instruction No. 1, then the law is for the plaintiff and the jury shuld so find.

"2. If the jury believe from the evidence that at the time and place referred to in the evidence the defendants, Abe Wilder and Albert Shehan, in good faith had reasonable grounds to believe, and did believe, that the defendant Wilder was then and there in danger of bodily harm about to be inflicted upon him by the plaintiff, Marvin A. Bailey, then the defendants Wilder and Shehan, and each of them, had the right to use such force as was reasonably necessary or as appeared to them or either of them in the exercise of a reasonable judgment, to be necessary to protect Wilder from injury at the hands of the plaintiff, Marvin A. Bailey, and if said defendants or either of them, did use only such force, then the law of the case is for the defendants, and each of them, and the jury should so find.

"The court further instructs the jury that if they do not find from the evidence that the defendants, Wilder and Shehan in good faith had reasonable grounds to believe and in good faith did believe that the defendant Wilder was then and there in danger of bodily harm about to be inflicted upon him by the plaintiff, Marvin A. Bailey, then neither of the defendants, Wilder and Shehan had the right to use any force against the plaintiff.

"3. If you find for the plaintiff you will award him such sum in damages as you believe from the evidence will fairly and reasonably compensate him for his pain and suffering, mental and physical, if any, resulting directly from the use of more force, if any, than was reasonably necessary to arrest the plaintiff, not exceeding the sum of $10,000, for the pain and suffering, if any, and $10.00 for doctor's bill and $4.00 for medicine.

"If you find for the plaintiff your verdict should be against the defendants, Abe Wilder, Timothy P. Swift, Albert (Pat) Shehan and Clem H. Johnson, and the Fidelity and Deposit Company of Maryland, except that you can not find against the said Fidelity & Deposit Company of Maryland in a sum in excess of $4,000.00.

"4. If you find for the defendants, you will say so by your verdict and no more."

The first criticism addressed to the instructions is that they were inconsistent and contradictory. Instructions are designed to enlighten the jury as to the law applicable to the facts, and, if they are contradictory or confusing, they do not serve their purpose. Hobson, Blaine & Caldwell on Instructions, sec. 19, p. 7. The concluding portion of instruction No. 1 required the jury to find for the plaintiff unless they found for defendants under instruction No. 1, thus denying to the officers the other defenses interposed by their answer and actually submitted to the jury by instruction No. 2. Similarly, the concluding portion of instruction No. 2 denied to the officers the defensive rights defined by the first instruction. It is not possible to reconcile these instructions according to the principle applied in Wight v. Rose, 209 Ky. 803, 273 S. W. 472. If instructions may be read together and thus constitute a harmonious whole, they are not subject to condemnation, White v. Jouett, 147 Ky. 197, 144 S. W. 55; Fullenwider v. Brawner, 224 Ky. 274, 6. S. W. (2d) 264; but, if they are conflicting or contradictory, so that the jury cannot determine which one should guide them, they are erroneous, Anderson v. Granville Coal Co., 205 Ky. 111, 265 S. W. 472.

The third instruction required the jury to find for or against all of the defendants. It will be recalled that the petition did not charge a conspiracy or concert of action, but directly charged each of the defendants with

an assault and the false imprisonment. The testimony for the plaintiff tended to sustain his theory of the case, and justified the court in submitting it to the jury. On the other hand, the testimony for the four defendants tended to sustain all the defenses interposed, and required that those defenses be fairly submitted to the jury. The instructions must conform to the pleadings in so far as they are supported by the proof. Hobson, Blaine & Caldwell on Instructions, sec. 37; Addington v. Chatham, 228 Ky. 430, 15 S. W. (2d) 254; Penn Furniture Co. v. Ratliff, 194 Ky. 162, 238 S. W. 393. Neither of the defendants was liable in this case for the acts of his codefendants. It is a settled principle that, where wrongdoers have not acted in concert, and separate and distinct injuries are caused by the acts of each, the liability is several only. 38 Cyc. 484; Polk v. Ill. Cent. R. Co., 175 Ky. 762, 195 S. W. 129; 5 C. J. p 627; 20 R. C. L. p. 763, sec. 13.

The instructions should submit to the jury the conditions under which the plaintiff was entitled to recover for assault and battery Hobson, Blaine & Caldwell on Instructions to Juries, sec. 65; but his right to recover must be restricted to such of the defendants as the jury may believe from the evidence actually injured him, and not against any one of the defendants for an injury inflicted by any of the others. They should also be instructed as to the conditions under which plaintiff was entitled to damages for the false imprisonment, if any. Johnson v. Collins, 89 S. W. 253, 28 Ky. Law Rep. 375; Roberts v. Thomas, 135 Ky. 63, 121 S. W. 961, 21 Ann. Cas. 456; Weaver v. McGovern, 122 Ky. 1, 90 S. W. 984, 28 Ky. Law Rep. 884; Tuck v. Beliles, 153 Ky. 848, 156 S. W. 883; Madden v. Meehan, 151 Ky. 220, 151 S. W. 681. But only the officers, if any of them did so, who actually imprisoned the plaintiff are liable and none of them can be held liable for the acts of the others. The defenses interposed by Wilder and Shehan should be appropriately submitted, and the jury should be told that, if Swift and Johnson did not assault or strike the defendant or detain him in any way, the verdict should be for them. The jury should be advised that each officer is liable for any wrong committed by him to the extent of damages caused thereby, but neither is liable for the acts of the others, or for any damages caused thereby. The jury may be permitted to find a single verdict for all the defendants, but, if they should find for the plaintiff, a

separate verdict must be returned as to each defendant against whom the verdict is rendered. An instruction informing the jury how nine or more of their number may make a verdict should be given. Ky. Stats., sec. 2268.

The judgment is reversed for a new trial not inconsistent with this opinion.