### Trescott's Adm'r v. Morrill.

Oct. 24, 1939.

Huggins & Hogan and Robert E. Hogan for appellant.

Robert L. Page for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

On September 12, 1936, while attempting to cross Broadway at its intersection with First street in Louisville, Louise H. Trescott was struck by an automobile owned and driven by James ·S. Morrill, sustaining injuries including a broken leg. She was taken to the City Hospital for treatment and her leg was placed in a cast. She was discharged from the City Hospital on September 23 and returned to her home, but some days thereafter was taken to the Deaconess Hospital, where she died on October 2.

Her administrator brought this action to recover damages for her death, alleging that it was caused and brought about by the negligence of James S. Morrill in the operation of his automobile. Morrill's answer consisted of a traverse and an affirmative plea of contributory negligence upon the part of decedent. His affirmative plea was controverted by reply. Trial resulted in a verdict and judgment for the defendant, and plaintiff is appealing.

Grounds assigned for reversal are (1) that the instructions given were erroneous; (2) that the court erred in refusing to give instructions offered by appellant and (3) that the verdict is flagrantly against the weight of the evidence.

There is a conflict in evidence as to whether the in-

juries sustained by appellant's decedent caused or contributed to her death. Her physician who treated her both before and after the accident in making out the death certificate gave the cause of death as chronic nephritis or Bright's disease and testified that that was the cause of her death. Other physicians testified that in their opinion death was not caused by injuries sustained in the accident; however, some physicians testified to the contrary.

As we understand the evidence, Mrs. Trescott was walking north on the west side of First Street and appellee was driving west on Broadway. He testified that when he reached the intersection the red light was against him and that he stopped at the east crosswalk across Broadway for the light to change; that another car stopped to his left; that when the green light came on he entered the intersection but that before he cleared it an automobile coming from the south of First Street, entered the intersection against the red light and turned west into Broadway in front of him causing him to check his speed in order to avoid colliding with it; that as that car swung around, Mrs. Trescott stepped from behind it and into the path of his car so close and suddenly that he could not avoid striking her. According to his evidence, he had cleared the west crosswalk on Broadway and struck Mrs. Trescott somewhere from five to seven feet west of the west line of that crosswalk. He stated that he did not see Mrs. Trescott until she appeared immediately in front of the automobile. A motorist going east on Broadway, and who had stopped for the light to change, testified that he was just north of the safety zone on the south side of Broadway; that Mrs. Trescott stepped into the safety zone and according to his evidence proceeded out of it and across the street after the signal light had changed and the red light was against her. He waited for her to pass and a car came out of First street, against the red light, turned west into Broadway and he thought was going to strike Mrs. Trescott as it swung around but that immediately after it passed, appellee's automobile struck her. He fixed the point of the accident as outside and west of the crosswalk. He stated that after the car came out of First Street, turned west into Broadway and passed Mrs. Trescott, she turned and started diagonally across the street. Appellee testified that he was driving very slowly and that the car proceeded only a few feet or

about half its length before it stopped after striking Mrs. Trescott.

The first instruction given by the court was in the usual form setting out the duties of appellee and authorizing a finding for appellant if appellee failed to observe one or more of such duties and by reason of such failure appellant's decedent was struck and sustained injuries from which she died. The instruction also contained the usual converse but authorized a finding for defendant if the jury did not so believe, or if they believed from the evidence as set out in instruction No. 2. The first part of instruction No. 2 given by the court in the usual and proper form submitted the issue of contributory negligence with the following modification:

"* * * unless, however, you believe from the evidence that before the accident J. S. Morrill saw or by the exercise of ordinary care could have seen plaintiff's decedent Mrs. Trescott, far enough in front of him that said James S. Morrill could have by the exercise of ordinary care, avoided the injury to plaintiff, but failed to do so, in which latter event, the law is for the plaintiff, and you will so find."

The principal complaint directed at the instructions given is to that part referred to as the "tail" to instruction No. 1 because of its reference to instruction No. 2, it being argued that it makes the instruction contradictory and in effect nullifies the quoted part of instruction No. 2. Counsel cite and rely on a number of cases including Wilder v. Bailey, 233 Ky. 238, 25 S. W. (2d) 381, setting out in full the instructions given in the latter case and which were condemned by this court as prejudicially erroneous. The dissimilarity of the instructions given in that case to the ones given in the instant case is at once apparent. While it is true that the criticised portion of instruction No. 1 was inaptly worded and technically incorrect, it is obvious that when considered as a whole, a jury of sensible men would understand that they could find for plaintiff under the quoted portion of instruction No. 2 if such finding was authorized by the evidence. It is so manifest that the jury was not misled by the criticised portion of the instruction that we are constrained to hold no prejudicial error was committed in that particular.

The instruction which it is argued the court errone-

ously refused to give related to the duty of appellee to yield the right of way, etc., to Mrs. Trescott after she had entered upon the crosswalk. In some circumstances the instruction offered would have been proper but in the circumstances shown by the evidence the issues made by pleading and proof were fully covered by the instructions given on negligence and contributory negligence.

Concerning the last and final groud argued for reversal it is apparent from what we have already said that the verdict was in accord with the weight of evidence.

Judgment affirmed.