213 P.2d 901

**S. H. KRESS & CO. v. EVANS.**

No. 5091.

Supreme Court of Arizona.

Jan. 23, 1950.

Darnell, Robertson & Holesapple, **of** Tucson, attorneys for appellant.

Richard H. Chambers, of Tucson, attorney for appellee.

DE CONCINI, Justice.

From a $5,000.00 judgment as a result of a jury verdict in favor of Maude Evans, plaintiff, the defendant S. H. Kress & Company appeals. The facts briefly stated are, that on October 30, 1941, the plaintiff while walking in the store of the defendant located in Tucson, Arizona, either slipped and turned her ankle or turned her ankle and fell to the floor. She was seriously injured by having her hip fractured, and a resulting "foot drop." She spent eight weeks in the hospital and was on crutches for seven months. The only point in dispute was the condition of the floor, i. e., was it in a safe condition or in a slippery condition at the place where the plaintiff fell?

Defendant makes two assignments of error, but advances argument only in favor of the first assignment. Which assignment is as follows:

"The court erred in denying defendant's Motion for Directed Verdict at the close of plaintiff's case, and at the close of the entire case, and in denying defendant's Motion for Judgment Notwithstanding the Verdict, for the following reasons:

"A. The jury's verdict and the judgment rendered pursuant thereto were contrary to the evidence in the case, and there is insufficient evidence to sustain the same."

The abstract of record discloses no motion for a new trial was made and counsel for defendant stated at the time of argu-

ment on this appeal, that they made no such motion because of the moderate size of the verdict. Section 21-1703, A.C.A., 1939, provides:

"Orders, rulings, and evidence reviewable.—Upon an appeal from a final judgment the Supreme Court shall review any intermediate order involving the merits and necessarily affecting the judgment, and all orders and rulings assigned as error, whether a motion for a new trial was made or not. If a motion for a new trial was denied, the court may, on appeal from the final judgment, review the order denying the motion, though no appeal be taken from the order; on an appeal from a final judgment the Supreme Court shall not, however, consider the sufficiency of the evidence to sustain the verdict or judgment in an action tried before a jury unless a motion for a new trial shall have been made."

This section has been construed many times to mean that unless a motion for a new trial is made, this court will not consider the sufficiency of the evidence on appeal. Ellis v. First National Bank of Globe, 19 Ariz. 464, 172 P. 281; Hammels v. Krieg, 29 Ariz. 218, 240 P. 348; City of Phoenix v. Anderson, 65 Ariz. 311, 180 P.2d 219.

The defendant not having complied with said section cannot now complain of the insufficiency of the evidence to sustain the verdict.

Defendant's second assignment of error is that the trial court erred in sub-

mitting plaintiff's requested instructions numbers one, two and three, and in overruling defendant S. H. Kress & Company's objection to such instructions.

There is no merit to the second assignment of error, furthermore it is unnecessary to consider the same. Counsel for defendant apparently abandoned their second assignment because no argument was advanced and no citation of authority made in support thereof. This is a plain violation of Rule VII subdivision 2(f) of the Arizona Supreme Court Rules. This court has held that assignments of error not conforming to rules of court can not be considered. Noel et al. v. Ostlie, 42 Ariz. 113, 22 P.2d 831.

Judgment affirmed.

LA PRADE, C. J., and UDALL, STANFORD, and PHELPS, JJ., concur.