218 P.2d 486

S. H. KRESS & CO. v. EVANS.

No. 5091.

Supreme Court of Arizona.

Decided May 8, 1950.

Darnell, Robertson & Holesapple, of Tucson, for appellant.

Richard H. Chambers, of Tucson, for appellee.

DE CONCINI, Justice.

The court's opinion handed down January 23, 1950, 69 Ariz. 366, 213 P.2d 901, disposed of appellant's appeal declining to review the evidence on the ground that appellant did not make a motion for a new trial in compliance with the rule provided in section 21-1703, A.C.A.1939. Upon motion for a rehearing counsel called the court's attention to Rule 50(b), section 21-1015, A.C.A.1939, which the court did not consider in its original opinion.

At the close of plaintiff's case and again at the close of all the evidence, defendant, appellant, moved for a directed verdict on the ground that plaintiff had failed to prove any actionable negligence on the part of defendant. Both motions were denied. The jury returned a verdict for plaintiff and the court entered judgment on the verdict. Within the prescribed time, defendant moved for judgment N. O. V. but did not join therewith a motion for a new trial nor did he alternatively pray for a new trial.

■ Upon examination of the authorities the court is of the opinion that when, following a denial of a motion for a directed verdict, a motion for judgment notwithstanding the verdict, (non obstante veredicto) is made under Rule 50(b) and denied, it is not necessary to make a motion for a new trial under section 21-1703, supra, in order to secure a review of the evidence and a determination as to whether as a matter of law the evidence was insufficient to sustain the verdict and judgment.

This court held in Burney v. Lee, 59 Ariz. 360, 129 P.2d 308, 311, that the supreme court could make rules in conflict with statutory provisions regulating procedure, the latter being in reality merely "rules regulating the procedure of the courts," and when it did, such rules (in this

case Rule 50(b) ) superseded the statute (section 21-1703, supra).

Prior to the adoption of the new rules relating to procedure (1940) we had no provision relating to "judgment notwithstanding the verdict" therefore section 21-1703, supra, was mandatory. Since the enactment of Rule 50(b) following a denial of motion for a directed verdict, when the party appealing has made a motion for judgment N. O. V. on the ground that as a matter of law the evidence is insufficient to sustain the judgment, the following portion of section 21-1703, A.C.A.1939, is not applicable: " * * * on an appeal from a final judgment the Supreme Court shall not, however, consider the sufficiency of the evidence to sustain the verdict or judgment in an action tried before a jury unless a motion for a new trial shall have been made."

An exposition of the purpose of Rule 50(b) may be found in Moore's Federal Practice, Vol. 3, page 3108, section 50.02, and supplement thereto.

This determination makes it necessary to consider the sufficiency of the evidence. The facts briefly stated are, that on October 30, 1941, the plaintiff, while walking in the store of the defendant located in Tucson, Arizona, either slipped or turned her ankle and fell to the floor. She was seriously injured by having her hip fractured, and a resulting "foot drop." She spent eight weeks in the hospital and was on crutches for seven months. From a $5,000 judgment as a result of a jury verdict in favor of the plaintiff, the defendant appealed.

The appellant abandoned his second assignment of error, so there is only one assignment of error to consider and that is: "The jury's verdict and the judgment rendered pursuant thereto were contrary to the evidence in the case, and there is insufficient evidence to sustain the same."

Plaintiff testified she slipped on a slippery and slick floor. She further testified that as she lay on the floor she touched it and it felt, "just like a slicky floor." Her dress and stocking were soiled with oil and grease. The defendant's evidence showed that it caused its floors to be dressed with a product known as Myco Sheen, at least once a week. After application it was customary to dry up the dressing that did not soak in the floor or evaporate. The sales representative for Myco Sheen, a witness for defendant, testified it should take two to two and one-half hours to apply it to the Kress floor and that if not properly applied it might cause trouble. The testimony of the two employees of the defendant who applied the Myco Sheen said they did it in 20 to 30 minutes.

The main point in issue was what was the condition of the floor? If it was unsafe, did the defendant or its agents have knowledge or should they have had knowledge of its condition?

The question of whether the floor was slippery was properly submitted to the jury because there was evidence sufficient to raise the issue of negligence. There is no question that the defendant had notice of it because the defendant itself thru its employees caused the Myco Sheen to be applied to the floor. Every day the janitor swept the floor with a dry cotton broom. That particular spot had been passed over with a cotton broom just five minutes before the plaintiff's fall. Furthermore, there was no evidence of other foreign bodies or substance on the floor that would cause it to be in an unsafe or in a slippery condition. There was, however, a number of inconsistencies in the testimony of the defendant's witnesses. Counsel for both plaintiff and defendant cite a number of cases bearing on this question. Counsel for defendant contends that Arizona is at the cross-roads and must chart the way for future cases such as this. Plaintiff expressly admits that the defendant is not an insurer of its customers nor does she rely on the doctrine of res ipsa loquitur. It would unduly lengthen this opinion to labor the point further than to cite the following cases as authority for the proposition that under a set of facts as in the instant case it is not error to submit the matter to the jury: Saunders v. A. M. Williams & Co., 155 Or. 1, 62 P.2d 260; Phelps v. Montgomery Ward, 231 Mo.App. 595, 107 S.W.2d 939; Safeway Stores v. Whitehead, 190 Okl. 464, 125 P.2d 194; Walker v. S. H. Kress & Co., 147 Kan. 48, 75 P.2d 820; Hatfield v. Levy Bros., 18 Cal.2d 798, 117 P.2d 841. In Safeway Stores v. Whitehead, supra, the court states that 15 jurisdictions follow the Walker v. Kress case also cited above.

In Arizona we have already cast the die in the case of Fox Tucson Theatres Corporation v. Lindsay, 47 Ariz. 388, 56 P.2d 183. There the plaintiff was injured by a fall because of poor lighting. Following the rule laid down in that case we hold that the owner of a store must maintain the floors which the public is invited to use in such condition that under the circumstances of the particular case, they are reasonably safe for a customer to use.

The lower court did not err in submitting the case to the jury. We are of the opinion that there is sufficient evidence in the record to sustain the verdict and judgment.

Judgment affirmed.

LA PRADE, C. J., and UDALL, STANFORD and PHELPS, JJ., concur.