**226 P.2d 165**

**GLENN et al. v. CHENOWTH.**

**No. 5241.**

Supreme Court of Arizona.

Decided Jan. 16, 1951.

Marks & Polley, Bisbee, for appellants.

I. B. Tomlinson, Bisbee, for appellee.

DE CONCINI, Justice.

Amos Chenowth, plaintiff, brought an action against Joe Glenn and Fred Darnell alleging that Darnell made an unlawful, wanton attack and assault upon plaintiff; that while he was defending himself against Darnell, Glenn made an unprovoked assault on plaintiff from the rear by striking plaintiff's head with his fists. Chenowth alleged $5,000 damages. Upon a trial by jury he was awarded judgment of $500 against each defendant.

The circumstances giving rise to this lawsuit were as follows: All three participants are cowboys. They were attending a rodeo in Douglas on April 4, 1948 as contestants. Chenowth and one Sanders were partners in a team-tying event. Chenowth roped the head of the animal; Sanders missed his first loop at the heels but caught the second loop and stretched the animal prone. Chenowth dismounted and in tying the animal's feet used an unusual type knot. The field judge declared the knot illegal. Darnell who was acting as arena director passed final judgment and upheld the field judge's decision. However the fact that it was an illegal knot made no difference in the possibility of their winning any prize money because they had consumed too much time when the first loop was missed and for that reason were outclassed.

As they were leaving the field Chenowth rode alongside Darnell and called him a —— —— liar in reference to an asserted previous statement made by Darnell to Chenowth that it was okay to use that type of a knot. After the rodeo events were over they met at the cattle barns to examine the rule book on this question. When the argument as to the knot's illegality was settled, Darnell took Chenowth by the arm and demanded an apology or in the alternative, ordered him to take off his glasses. Chenowth handed his glasses to a bystander and "squared off" for a

fight. The evidence is not clear as to who hit the first blow. Suffice it to say that from the time Chenowth removed his glasses they were both ready, willing and able to fight. While they were fighting over a space of about 20 to 30 feet, Darnell back Chenowth towards the front bumper of a car. It was at this stage of the fight that Glenn appeared. The evidence is conflicting as to his part in the fight. A few minutes later a deputy sheriff interceded and stopped the fight.

The defendants Glenn and Darnell appeal and assign 10 errors of the trial court.

Defendants' assignments of error 3 and 5 go to plaintiff's requested instructions 5 and 6 respectively as follows:

"5. You are further instructed there is, ordinarily, no duty to retreat when attacked especially where immediate action seems necessary.

"6. You are further instructed that all persons participating in an unlawful or unjustified assault or an unlawful and unjustified assault and battery are jointly and severally liable in damages to the person assaulted."

Defendants contend that instruction No. 5 has no application to the facts in this case and is merely an abstract statement of law. This instruction is taken word for word from 6 C.J.S., Assault and Battery, § 18, Self Defense, pg. 813. While it is a correct statement of the law it has no application here because neither party relied on self defense. Abstract propositions of law even though correct are not favored in Arizona. Butane Corp. v. Kirby, 66 Ariz. 272, 187 P.2d 325.

The instruction was susceptible of conveying the impression to the jury that the trial judge may possibly have thought that Chenowth had been attacked by Darnell. While the numerical weight of the evidence is that Darnell struck the first blow, there is no evidence that he took Chenowth by surprise. The evidence was that Chenowth handed his glasses to Keyes, both parties were "squared off" and in sparring positions and that they hit each other's fists before the first blows connected. The jury may have believed that the instruction was calculated to impress them that it was the judge's opinion that Darnell was the attacker. The giving of such an instruction constituted error.

Chenowth's testimony on cross-examination in part is as follows:

"Q. What did you do then? A. I took off my glasses and handed them to a man and he hit me.

"Q. You didn't have your hands up or anything? A. When he throwed my—

"Q. At what stage did you throw the first blow? A. *I throwed the first blows.*

"Q. Did these all take effect? A. I wouldn't swear to that.

"Q. You might have missed some of them? A. That's right." (Emphasis supplied.)

274

Chenowth's answer underlined above indicates that he was asking a question. However we did not hear the inflection of his voice. If there was any doubt as to what he meant, that was for the jury to decide without an instruction which might indicate the trial judge's opinion.

Defendants contend that instruction No. 6, supra, is faulty in several respects: a) It is an abstract statement of law. b) It eliminates the necessity of the jury finding a concert of of action between Darnell and Glenn.

■ The instruction is taken from the first two sentences of 6 C.J.S., Assault and Battery, § 27b, pg. 831. But the third sentence of that section reads as follows: "There can be no joint liability, however, unless there is concert of action between those who are charged jointly, * * *." In this case Chenowth did not allege nor prove concert of action between Darnell and Glenn.

The trial court erred in giving both instructions No. 5 and 6, supra.

Defendants' assignment of error 4 involved the giving of plaintiff's requested instruction No. 7 which was as follows: "You are further instructed that a party is entitled to compensatory damages regardless of provocation which prompted the assault, if unaccompanied by any act of hostility on the part of the alleged assaulter."

In settling the requested instructions by counsel, the trial judge said, "No. 7 is denied." However, he gave the instruction as above set out. The first part of the instruction ending with the word "assault" is faulty in that it is an incorrect statement of the law and is diametrically opposed to plaintiff's requested instruction No. 3, which the court did give and which was a correct statement of the law. The second and last phrase of instruction No. 7 merely adds confusion to an incorrect statement of the law.

■ It is a well-settled proposition of law that instructions must not be conflicting or contradictory. Arizona Copper Co. v. Burciaga, 20 Ariz. 85, 177 P. 29; Westberg v. Willde, 14 Cal.2d 360, 94 P.2d 590; Winn v. Corey, 179 Okl. 305, 65 P.2d 522; Wilder v. Bailey, 233 Ky. 238, 25 S.W.2d 381.

■ Plaintiff contends that defendants have no right to object to the court's error in giving instruction No. 7 because a) it was not urged in their motion for a new trial and b) defendants failed to protect their record in the trial court. Plaintiff cites no authority for his first contention nor does he argue it in his briefs. Under Rule VI, subdivision 2(f), Arizona Supreme Court Rules, such an assignment need not be considered. S. H. Kress & Co. v. Evans, 69 Ariz. 366, 213 P.2d 901.

As for his second contention, we must look to the record to see if counsel com-

plied with the law. Sec. 21-1019, A.C.A. 1939, provides for the manner and method in which to request and object to proposed instructions to the jury. The last sentence reads "Opportunity shall be given to make the objection out of the hearing of the jury."

The judge and counsel conferred in the absence of the jury. Defendants' counsel objected to plaintiff's instruction No. 7, supra, and the trial judge denied same.

The question then arises: Must counsel again object to the giving of an instruction that is not good law when the judge has once told counsel he would not give the instruction?

We do not think it necessary for counsel to reassert his objections in the presence of the jury after the instructions were given. We hold that when instructions are objected to and settled by the judge in the absence of the jury, counsel have a right to rely thereon, and if the judge gives such an erroneous instruction it constitutes error and counsel need not object to it again to protect their record.

It is not necessary for the court to consider the other assignments of error to dispose of this appeal.

Judgment reversed and case remanded for a new trial.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.