NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAMIEN BARNES, *Appellant.*

No. 1 CA-CR 16-0059
FILED 3-2-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-001963-001
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry Reid
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Paul J. McMurdie joined.

_____

**N O R R I S**, Judge:

¶1        Appellant Damian Barnes appeals from his conviction and sentence for third-degree burglary, a class four felony. On appeal, Barnes argues that the superior court, over his objection and without evidentiary basis, improperly instructed the jury on voluntary intoxication as follows:

> It is no defense that the defendant was not aware of the existence of conduct—or circumstances solely because of voluntary intoxication.

(the "voluntary intoxication instruction"). We agree with Barnes the superior court should not have given the voluntary intoxication instruction because there was no evidentiary basis for it. On this record, however, the voluntary intoxication instruction was harmless.

## FACTS AND PROCEDURAL BACKGROUND

¶2        At trial, the victim testified in the State's case-in-chief that on November 15, 2013, he drove his truck to 7th Street and Indian School Road to give his employees their paychecks. He was giving his employees their checks when one of his employees told him someone was in his truck. At that point, the victim and his employee told the man to get out of the truck, which the man did. After the man got out of the truck, the victim called 9-1-1 and described the man who had been in his truck to the 9-1-1 operator. Two police officers detained Barnes near the scene because he matched the description the victim gave to the 9-1-1 operator. A third police officer drove the victim to where the police had detained Barnes and the victim positively identified Barnes as the man who had been in his truck. When the prosecutor asked the victim whether he had any doubt in his mind that the man he identified near the scene was the same person who had been in his truck, the victim responded, "It was him, yeah. He was—he was pretty high, yeah."

¶3          Through counsel, Barnes immediately objected and the court sustained the objection, struck the comment "he was pretty high" and instructed the jury not to consider the comment for any purpose. Shortly after, a juror submitted a question asking, "Was there any substance (alcohol or otherwise) that could have potentially clouded the defend[a]nt[']s judgment or caused confusion?" The court did not pose the juror's question to any of the trial witnesses.

¶4          After the close of evidence, when the court and counsel were settling the jury instructions, the prosecutor, pointing to the victim's comment, "he was pretty high," and the juror's question, asked the court to give the voluntary intoxication instruction because he was concerned the jury might find Barnes not guilty if it speculated Barnes was under the influence and then incorrectly concluded intoxication was a defense. Barnes's counsel conceded the voluntary intoxication instruction would not prejudice Barnes but objected to the instruction because there was no evidence of intoxication and, given this, the instruction would confuse the jury. Barnes's counsel also filed a written objection to the voluntary intoxication instruction and requested the court give an involuntary intoxication instruction if it instructed the jury on voluntary intoxication. The court decided to give the voluntary intoxication instruction, but did not give the involuntary intoxication instruction.

¶5          In its closing rebuttal, the State discussed the voluntary intoxication instruction:

> It is no defense that the defendant was not aware of the existence of conduct or circumstances solely because of voluntary intoxication. That's not a defense . . . .

Barnes's counsel objected and moved for a mistrial but after a brief bench conference, the court overruled the objection and allowed the State to continue:

> [I]f I commit a crime or if anyone commits a crime, if they're under the influence, that is not a defense as the judge has told you.

The jury convicted Barnes of third-degree burglary.

## DISCUSSION

¶6          As Barnes argued in the superior court, neither party presented evidence of intoxication at trial and the court struck the victim's

comment about intoxication and ordered the jury to disregard it. Generally, jury instructions must be predicated on a theory that can be found in the evidence and, if not, the instruction should not be given. *State v. McIntyre*, 106 Ariz. 439, 445, 477 P.2d 529, 535 (1970) (citation omitted). Accordingly, the court should not have given the voluntary intoxication instruction.

**¶7** Because Barnes objected to the voluntary intoxication instruction, we apply harmless error analysis. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 18, 115 P.3d 601, 607 (2005); *State v. Dann*, 205 Ariz. 557, 565, ¶ 18, 74 P.3d 231, 239 (erroneous jury instruction subject to harmless error review) (citation omitted). An error is harmless if we can conclude, beyond a reasonable doubt, that the error did not affect the jury's verdict. *Id.* Based on the record before us, we reach that conclusion here.

**¶8** First, the court instructed the jury at the beginning of the case, and again in its final jury instructions, that it was only to consider the evidence presented in court and was not to consider any evidence stricken from the court record. The court also instructed the jury that as it determined the facts, it might find that some instructions were no longer applicable and, in that situation, it would need to consider the instructions that were applicable together with the facts it found existed. These instructions, taken together and considered in context, informed the jury that it was entitled to disregard inapplicable instructions and was not to render a guilty verdict based on facts not supported by the evidence. Our supreme court has instructed that we are to presume juries follow their instructions. *State v. Manuel*, 229 Ariz. 1, 6, ¶ 24, 270 P.3d 828, 833 (2011) (citation omitted). Accordingly, we must presume the jury found that the voluntary intoxication instruction was inapplicable and, further, found Barnes guilty based only on facts supported by the evidence.

**¶9** Second, the voluntary intoxication instruction did not suggest to the jury, as Barnes argues on appeal, that he was, in fact, "high and, therefore, likely to have intended to steal the truck." Instead, the voluntary intoxication instruction, along with the other instructions given by the court regarding "intent" and "knowingly," simply informed the jury that a defendant may not rely on voluntary intoxication to dispute that he was unaware of his conduct or the circumstances.

**¶10** Third, the voluntary intoxication instruction did not suggest to the jury that the superior court judge believed Barnes was intoxicated and, consequently, the jury should believe that Barnes was intoxicated. Instead, as discussed above, the instruction informed the jury that a defendant may not rely on voluntary intoxication to dispute that he was unaware of his conduct or the circumstances.

¶11 Further, contrary to Barnes's argument, the facts in this case are not at all similar to the facts presented in *Glenn v. Chenowth*, 71 Ariz. 271, 226 P.2d 165 (1951). In *Glenn*, the plaintiff sued the defendant and accused him of unlawfully and wantonly attacking him. *Id.* at 272, 226 P.2d at 166. The supreme court held the superior court should not have instructed the jury that a person ordinarily has no duty to retreat when attacked because neither party relied on self-defense. *Id.* at 273, 226 P.2d at 166. The supreme court also explained the instruction may have suggested to the jury that the trial judge had concluded the defendant was the attacker even though the trial evidence demonstrated the plaintiff had been the first party to "square off" and had not been surprised by the defendant's actions. *Id.* at 273, 226 P.2d at 167. Thus, the court concluded the instruction could have affected the jury's consideration of the evidence. *Id.* That, however, is not the situation here. As discussed, the voluntary intoxication instruction did not suggest to the jury that the superior court had made a factual finding that Barnes was intoxicated when he entered the victim's truck.

¶12 Finally, the State presented overwhelming evidence of Barnes's guilt. *See State v. Carbajal*, 128 Ariz. 306, 309, 625 P.2d 895, 898 (1981). As discussed above, the victim and one of his employees saw Barnes in the victim's truck. The victim testified he did not know Barnes before the incident, thus implying Barnes did not have permission to be in his truck. The victim positively identified Barnes shortly after the officers had detained him, and the victim's employee testified at trial that he saw Barnes holding keys when he was in the victim's truck.

## CONCLUSION

¶13 For the foregoing reasons, therefore, we affirm Barnes's conviction and sentence for third-degree burglary.



AMY M. WOOD • Clerk of the Court
FILED: AA