254 P.3d 418

**MARQUETTE VENTURE PARTNERS II, L.P., a Delaware limited partnership; and MVP II Affiliates Fund, L.P., a Delaware limited partnership, Plaintiffs/Appellants/Cross–Appellees,**

v.

**Frank M. LEONESIO and Melissa Leonesio, husband and wife; John J. Leonesio and Robin Leonesio, husband and wife; Stephen J. Currier and Susanne Currier, husband and wife; Richard A. Intorcio and Marilyn Intorcio, husband and wife, Defendants/Appellees/Cross–Appellants.**

No. 1 CA–CV 09–0166.

Court of Appeals of Arizona, Division 1, Department T.

May 3, 2011.

Osborn Maledon, P.A. by Colin F. Campbell, Thomas L. Hudson, Jean–Jacques Cabou, Sharad H. Desai, Phoenix, Attorneys for Plaintiffs/Appellants/Cross–Appellees.

Quarles & Brady, LLP by Lonnie J. Williams, Jr., Carrie M. Francis, Phoenix, Attorneys for Defendants/Appellees/Cross–Appellants.

## OPINION

PORTLEY, Judge.

¶ 1 The plaintiffs, Marquette Venture Partners II, L.P., and MVP II Affiliates Fund, L.P. (collectively "Marquette"), challenge Frank Leonesio's ("Leonesio")[1] cross-appeal claims. Specifically, Marquette argues that Arizona Revised Statutes ("A.R.S.") section 12–2102(C) (2003) precludes our review of the sufficiency of the evidence to support a jury verdict when an Arizona Rule of Civil Procedure ("Rule") 50(a)[2] motion was not followed by a post-verdict Rule 50(b) motion. Because we agree, we grant Marquette's motion to partially dismiss the cross-appeal.[3]

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Defendants and Marquette were owners of Q Fitness Clubs, Inc. ("Q Clubs"). In 1999, Q Clubs agreed to merge with Fitness Holdings, Inc. ("FHI"), which operated 24 Hour Fitness. Following the merger, FHI asserted $45.6 million in damages against Q Clubs' owners and sought to recover an additional $5 million that had been placed in an escrow account for indemnification. Marquette and Defendants entered into a contract to fund litigation arising out of FHI's claims. After nearly three years of litigation, the case settled on the eve of trial. Marquette disputed the distribution of the settlement proceeds and sued Defendants alleging: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) fraud in the inducement; (4) conversion; (5) fraudulent transfer; (6) constructive trust; (7) unjust enrichment; and (8) an equitable lien. Marquette specifically alleged the following claims against Frank Leonesio and Kevin DeAngelis: (1) declaratory judgment; (2) breach of agency agreement; and (3) breach of fiduciary duty. Marquette also sought punitive damages against Frank Leonesio.

¶ 3 Defendants filed unsuccessful motions for summary judgment, and the case proceeded to trial. During trial, Defendants filed unsuccessful Rule 50(a) motions for judgment as a matter of law. After the jury found in favor of Marquette on its breach of fiduciary duty claim against Leonesio, it awarded Marquette compensatory and punitive damages. The jury found in favor of Defendants on the remaining claims. Leonesio did not file a post-verdict Rule 50(b) motion for judgment as a matter of law.

¶ 4 Marquette appealed, and Leonesio filed a cross-appeal. He argued that: (1) Marquette's breach of fiduciary duty claim was barred by the statute of limitations; (2) he was entitled to attorneys' fees; and (3) the jury's punitive damage award was excessive.

## DISCUSSION

¶ 5 Marquette filed a motion to partially dismiss Leonesio's cross-appeal pursuant to ARCAP 6 and argues that certain cross-appeal issues are outside the scope of our jurisdiction. Specifically, Marquette argues that § 12–2102(C) precludes us from exercising appellate jurisdiction to consider the

---

1. In addition to Frank Leonesio, the other defendants include John Leonesio, Stephen Currier, and Richard Intorcio (collectively "Defendants").

2. We cite the version of Rule 50 effective on January 1, 2010. The changes in the 2010 amendment do not affect the outcome of this case.

3. We resolve the issues on appeal in a memorandum decision pursuant to ARCAP 28(g).

cross-appeal claims that challenge the sufficiency of the evidence.

■ ¶ 6 We independently review whether we have jurisdiction to address an appellate issue. *Engel v. Landman,* 221 Ariz. 504, 508, ¶ 10, 212 P.3d 842, 846 (App.2009). Appellate jurisdiction is limited by statute. *Eaton v. Unified Sch. Dist. No. 1,* 122 Ariz. 391, 392, 595 P.2d 183, 184 (App.1979). Section 12–2101 (2003) specifies when the court may take jurisdiction, and § 12–2102(A) includes the requirement that we "review any intermediate orders involving the merits of the action and necessarily affecting the judgment, and all orders and rulings assigned as error, whether a motion for a new trial was made or not."

## I.

■ ¶ 7 Section 12–2102(C), however, provides "an exception" to the broad scope of review granted under § 12–2102(A). *Lewis v. S. Pac. Co.,* 105 Ariz. 582, 583, 469 P.2d 67, 68 (1970); *see Acuna v. Kroack,* 212 Ariz. 104, 111 n. 9, ¶ 27, 128 P.3d 221, 228 n. 9 (App.2006); *Gabriel v. Murphy,* 4 Ariz.App. 440, 442, 421 P.2d 336, 338 (1966) ("[A] motion for new trial must be made before the scope of the appeal may be enlarged to include the sufficiency of the evidence to sustain the verdict or judgment."). Specifically, subsection C provides that we cannot consider the sufficiency of the evidence on appeal from a jury trial "unless a motion for a new trial was made." We can, however, consider questions of law and evidentiary rulings "regardless of whether they were presented to the lower court in a motion for a new trial." *Hays v. Richardson,* 95 Ariz. 263, 267, 389 P.2d 260, 263 (1964).

¶ 8 Although Leonesio filed motions for summary judgment and Rule 50(a) motions

before the verdict,[4] he did not file a motion for new trial or any other post-verdict motions for judgment as a matter of law. He argues that his Rule 50(a) motions sufficiently preserved the issues under § 12–2102(C).

¶ 9 Our supreme court has stated that a Rule 50(b) motion satisfies § 12–2102(C)'s "motion for a new trial" requirement. *S.H. Kress & Co. v. Evans,* 70 Ariz. 175, 177, 218 P.2d 486, 487 (1950). We have not, however, considered whether a Rule 50(a) motion is also sufficient.

¶ 10 Rule 50(a)(2) allows a party to file for judgment as a matter of law prior to submitting the case to the jury. We have explained that Rule 50(a) "is based upon the premise that the claimed omission in proof might be cured by a reopening of plaintiff's case if the trial court finds merit to the motion." *Chavez v. Tolleson Elementary Sch. Dist.,* 122 Ariz. 472, 476, 595 P.2d 1017, 1021 (App. 1979). In addition, Rule 50(a) "is conceived as a device to save the time and trouble involved in a lengthy jury determination when there is a clear insufficiency of evidence on one side of the case or the other." 9B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2521 (3d ed. 2010).

■ ¶ 11 Because a Rule 50(a) motion is a prerequisite for a Rule 50(b) motion,[5] a party must first make a Rule 50(a) motion before seeking judgment as a matter of law under Rule 50(b). *La Bonne v. First Nat. Bank of Ariz.,* 75 Ariz. 184, 189, 254 P.2d 435, 438–39 (1953); *Standard Chartered PLC v. Price Waterhouse,* 190 Ariz. 6, 27, 945 P.2d 317, 338 (App.1996); *Tortu v. Las Vegas Metro. Police Dept.,* 556 F.3d 1075, 1083 (9th Cir. 2009) (interpreting Federal Rules of Civil Procedure 50(a) and 50(b)).[6]

---

4. In his cross-appeal, Leonesio referred to "renewed motions for judgment as a matter of law." He made Rule 50(a) motions at the close of Marquette's case and renewed those motions at the close of evidence. A renewed motion for judgment as a matter of law under Rule 50(b) must be made after a verdict. *See* Rule 50(b).

5. Rule 50(b) provides:
   If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submit-

ted the action to the jury subject to the court's later deciding the legal questions raised by the motion. Such a motion may be renewed by service and filing not later than 15 days after the entry of judgment. . . .

6. We may look to federal court interpretations of the Federal Rules of Civil Procedure when they are similar to the Arizona Rules of Civil Procedure. *See Bayham v. Funk,* 3 Ariz.App. 220, 221, 413 P.2d 279, 280 (1966).

¶ 12 A similar question was considered in *Unitherm Food Systems, Inc. v. Swift–Eckrich, Inc.,* where the U.S. Supreme Court held that a pre-verdict Federal Rule of Civil Procedure ("Federal Rule") 50(a) motion that was not followed by a post-verdict Federal Rule 50(b) motion was inadequate to preserve a sufficiency of the evidence challenge on appeal. 546 U.S. 394, 407, 126 S.Ct. 980, 163 L.Ed.2d 974 (2006). The Court stated that the " 'requirement of a timely application for judgment after verdict is not an idle motion' because it 'is . . . an essential part of the rule, firmly grounded in principles of fairness.' " *Id.* at 401, 126 S.Ct. 980 (quoting *Johnson v. New York, N.H. & H.R. Co.,* 344 U.S. 48, 53, 73 S.Ct. 125, 97 L.Ed. 77 (1952)) (alteration in original). As the Court explained, Federal Rules 50(a) and 50(b) are substantively different; Federal Rule 50(b) allows the court to enter judgment as a matter of law or order a new trial, but Federal Rule 50(a) only allows the court to enter judgment as a matter of law. *Id.* at 405, 126 S.Ct. 980. Moreover, Federal Rule 50(a) is permissive—the trial court is not required to grant the motion. *Id.* ("[T]he district courts are, if anything, encouraged to submit the case to the jury, rather than granting such motions."). Similarly, we have stated that "[i]t is undisputed that when considering a Rule 50 motion a 'trial judge is not required to grant judgment as a matter of law even in a case in which it has the power to do so.' " *Chalpin v. Snyder,* 220 Ariz. 413, 419, ¶ 23, 207 P.3d 666, 672 (App.2008) (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2533, at 318 (2d ed.1994)).

¶ 13 In the absence of a prior decision from our courts, we find the U.S. Supreme Court's holding in *Unitherm* persuasive because "uniformity in interpretation of our rules and the federal rules is highly desirable." *Orme Sch. v. Reeves,* 166 Ariz. 301, 304, 802 P.2d 1000, 1003 (1990). Rule 50(a) and Rule 50(b) are substantively different. Unlike Rule 50(b) motions which are made after the verdict and, therefore, analogous to

a motion for a new trial, *see* Rule 59; Rule 50(a) motions are made before the verdict is granted. Moreover, it is difficult to consider Rule 50(a) "a motion for a new trial" under § 12–2102(C) when, by definition, the motion must be made prior to a jury verdict and does not allow the trial court to grant a new trial, while Rule 50(b) specifically allows the court to grant a new trial. Consequently, we hold that a Rule 50(a) motion is insufficient to satisfy the jurisdictional requirement of § 12–2102(C).

¶ 14 Leonesio, however, asserts that the Arizona Rules of Civil Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every action," Rule 1, and our holding may create a trap for the unwary. Even if true, Justice Stevens has stated that "it may be unfair or even an abuse of discretion for a court of appeals to direct a verdict in favor of the party that lost below if that party failed to make a timely [Federal] Rule 50(b) motion." *Unitherm,* 546 U.S. at 409, 126 S.Ct. 980 (Stevens, J., dissenting).[7]

¶ 15 Leonesio also claims that even if a Rule 50(b) motion is required to preserve a sufficiency of the evidence challenge on appeal, the trial court waived this requirement. We disagree.

¶ 16 After the jury verdict, Marquette requested that a $2 million constructive trust or equitable lien be entered, and the trial court stated that it was "going to go either way, prejudgment garnishment or judgment and post-judgment garnishment." Federal cases have recognized an exception to the requirement to file a Federal Rule 50(b) motion when the trial court indicates such a motion is unnecessary. *See, e.g., Best Brands Beverage, Inc. v. Falstaff Brewing Corp.,* 842 F.2d 578, 587 (2d Cir.1987). We do not believe that the trial court's statement indicated that Rule 50(b) motions would be futile. In fact, the trial court eventually ruled in Leonesio's favor and did not impose a constructive trust or equitable lien. Conse-

---

7. Although Justice Stevens dissented from the majority in *Unitherm,* he noted that "[t]his is not a case, . . . in which the authority of the appellate court is limited by an explicit statute or control-ling rule." *Unitherm,* 546 U.S. at 407, 126 S.Ct. 980 (Stevens, J., dissenting). Arizona appellate courts, however, are limited by § 12–2102(C).

quently, the trial court did not waive the Rule 50(b) requirement.

## II.

¶ 17 We now address the two specific jurisdictional challenges to Leonesio's cross-appeal. Does § 12–2102(C) prevent Leonesio from asserting that the evidence was insufficient to support: (1) the breach of fiduciary duty claim; and (2) the punitive damage award.

### A. Breach of Fiduciary Duty

■ ¶ 18 In his cross-appeal, Leonesio argues that he should be granted judgment as a matter of law on Marquette's breach of fiduciary duty claim because: (1) Marquette's claim was untimely because it should have been discovered in 2001 rather than 2004; (2) the breach of fiduciary duty claim was raised in an amended complaint and did not relate back to the original complaint; (3) Marquette's attorneys and Marquette ratified Leonesio's breach of fiduciary duty; and (4) the Stockholder and Warrantholder Consent barred Marquette's claim for breach of fiduciary duty.[8] Marquette argues that § 12–2102(C) bars all these arguments except the second.

■ ¶ 19 The applicability of the statute of limitations is usually a question of fact for the jury. *See Walk v. Ring*, 202 Ariz. 310, 315, ¶ 17, 44 P.3d 990, 995 (2002) ("[I]t is often the rule that in such cases the question of accrual is for the jury."); *Logerquist v. Danforth*, 188 Ariz. 16, 22, 932 P.2d 281, 287 (App.1996) ("[D]etermination of a claim's accrual date usually is a question of fact. . . ."); *Long v. Buckley*, 129 Ariz. 141, 144, 629 P.2d 557, 560 (App.1981) ("[T]he discovery issue itself involves questions of reasonableness and knowledge, matters which this court is particularly wary of deciding as a matter of law.").

■ ¶ 20 Leonesio requested a statute of limitations jury instruction, but the instruction was not given to the jury. He did not object. Moreover, the issue was not raised after the verdict. Because he generally challenges the sufficiency of the evidence, he has failed to preserve the statute of limitations issue for appeal. Additionally, he waived the issue by failing to object to the court's refusal to give his requested jury instruction or raising it after the verdict. Rule 51(a); *see Spillios v. Green*, 137 Ariz. 443, 446, 671 P.2d 421, 424 (App.1983) ("If lawyers want to preserve the record for appellate review, they must make sure that their arguments to the trial judge are being transcribed by the court reporter and that any ruling is in the record.").

■ ¶ 21 Second, Leonesio argues that either Marquette or Marquette's attorneys approved and ratified the breach of fiduciary duty. The claim challenges the sufficiency of the evidence. Moreover, he did not present the argument to the trial court. Because the argument was not raised below, it was waived.[9]

■ ¶ 22 Leonesio also challenges whether the evidence sufficiently demonstrated that the waiver provisions in the Stockholder and Warrantholder Consent were satisfied. The Stockholder and Warrantholder Consent provided that Leonesio was only liable for fraudulent or willful actions taken while representing the shareholders. The jury was instructed on the liability waiver. He raised the issue in a Rule 50(a) motion, but not in a post-trial motion. Because the issue was not raised in a Rule 50(b) motion and his appeal challenges the sufficiency of the evidence, the issue is waived, and we will not consider it pursuant to § 12–2102(C).

### B. Punitive Damages

■ ¶ 23 Leonesio also appealed the punitive damage award because: (1) the evi-

---

8. In his reply brief, Leonesio argues that the "law of the case" doctrine required that the court grant his Rule 50(a) motion for the breach of fiduciary duty claim. Because we will not consider issues first raised in a reply brief, this argument is waived. *Nelson v. Rice*, 198 Ariz. 563, 567 n. 3, ¶ 11, 12 P.3d 238, 242 n. 3 (App. 2000).

9. Leonesio refers to the trial court's instructions on general agency principles and ratification. The instructions were presented as part of Marquette's case, and Leonesio did not argue ratification below. In fact, Leonesio objected to the instructions.

dence was insufficient to support an award of punitive damages; and (2) the punitive damages were excessive under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. He only challenged the sufficiency of the evidence for the punitive damages under Rule 50(a) and not Rule 50(b). Moreover, he did not raise the due process challenge below.

¶ 24 Our jurisdiction to review whether the evidence was sufficient to support an award of punitive damages is limited by § 12–2102(C). We are not, however, prohibited from considering constitutional arguments raised for the first time on appeal. *Hawkins v. Allstate Ins. Co.*, 152 Ariz. 490, 503, 733 P.2d 1073, 1086 (1987). In *Hawkins,* the defendant challenged, in a post-judgment motion for judgment as a matter of law, whether the evidence was sufficient to support the jury's punitive damage award. *Id.* at 494, 733 P.2d at 1077. The defendant, however, never asserted that the award violated due process at any time prior to its appeal to the supreme court. *Id.* at 502, 733 P.2d at 1085. Our supreme court found that the evidence was sufficient to support an award of punitive damages and then turned to the defendant's due process challenge. *Id.* at 500–02, 733 P.2d at 1083–85. In holding that the ability to consider a constitutional issue raised for the first time on appeal was discretionary, the court noted that "[t]his is not a case involving denial of a fundamental constitutional right in a criminal trial nor contentions which affect the jurisdiction of the court, and we do not feel compelled to exercise our discretion." *Id.* at 503, 733 P.2d at 1086.

¶ 25 Here, we will not exercise our discretion and address the constitutional claim on appeal. The jury was instructed on punitive damages, and the trial court was in a better position to assess whether the punitive damages were appropriate after hearing the evidence.

## CONCLUSION

¶ 26 Based on the foregoing reasons, we grant Marquette's partial motion to dismiss Leonesio's cross-appeal.

CONCURRING: PATRICIA A. OROZCO, and PATRICK IRVINE, Judges.