NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SUNDANCE RESIDENTIAL HOMEOWNERS ASSOCIATION INC,
*Plaintiff/Appellee*,

*v.*

CURT GLAWE, et al., *Defendants/Appellants*.

No. 1 CA-CV 17-0042
FILED 1-9-2018

Appeal from the Superior Court in Maricopa County
No.  CV2015-095178
The Honorable Robert H. Oberbillig, Judge (retired)

**AFFIRMED**

COUNSEL

Carpenter Hazlewood Delgado & Bolen PLC, Tempe
By Mark K. Sahl, Gregory A. Stein

Shaw & Lines LLC, Phoenix
By Augustus H. Shaw, IV
*Co-Counsel for Plaintiff/Appellee*

Curt, Lorri, and Jordan Glawe, Aurelia, IA
*Defendants/Appellants*

------

**MEMORANDUM DECISION**

Judge Maurice Portley[1] delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Peter B. Swann joined.

------

**P O R T L E Y**, Judge:

**¶1**          Lori Glawe, Curt Glawe, and their son, Jordan Glawe ("the Glawes"), appeal the summary judgment entered against them on a breach-of-contract claim brought by Sundance Residential Homeowners Association, Inc. ("the Association").  For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**          The Glawes purchased a home in the Sundance Residential Community in 2009.  The Glawes and the other property owners living in that community are all subject to the recorded "Declaration of Residential Homeowner Benefits and Covenants, Conditions, and Restrictions for Sundance Residential Community" ("the CC&Rs").  Like the other property owners, the Glawes have to pay the periodic assessments levied by the Association under the CC&Rs to cover expenses common to all property owners.  Although the Glawes owned the house, they used it as a rental property, and lived in Iowa.

**¶3**          The Glawes failed to pay the assessments from 2009 to 2012, and were sued by the Association in March 2012 for breach of contract. They emailed the Association stating they failed to pay the assessments because they had never received the quarterly bills at their Iowa address. Their email also noted that they owned another property in the residential community subject to the same CC&Rs, but had always received quarterly bills for that property at the correct address. Therefore, the Glawes claimed the Association "should have gotten the correct address on the second

------

[1] The Honorable Maurice Portley, retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3, of the Arizona Constitution.

property" because they "already had [their] mailing address" from the first property.[2] The dispute was settled in July 2012.

¶4 The Glawes failed to pay the subsequent quarterly assessments, and in June 2013, the Association, through counsel, demanded they pay the assessments and late fees. The Glawes responded, and complained they had not received the assessments at their Iowa address. They also added that: "We cannot be responsible for [the Association] not updating their records especially since we have been through this once before." They did not pay the outstanding balance, and the Association filed a breach-of-contract claim against the Glawes, seeking payment for the assessments, late charges, accrued interest, and attorneys' fees. The Association subsequently amended its complaint and added a judicial-foreclosure claim.

¶5 The Association moved for summary judgement in March 2016 on its breach of contract and lien foreclosure claims. Before responding, the Glawes tendered payment for the assessments owed since October 2012. The Association accepted the payment and applied it to the Glawes' balance.

¶6 The Glawes then responded and argued the motion should be denied. After oral argument, the superior court took the matter under advisement and asked the Glawes to submit supplemental briefing on their arguments regarding email notice of amounts due and Arizona Revised Statutes ("A.R.S.") section 33-1807(A). The Association was allowed a response in opposition to those arguments. In their supplemental pleading, the Glawes argued the Association had "failed to send any notices and referred the account directly to its counsel for the collection of late fees, attorneys' fees, costs, and other charges," in violation of § 33-1803(A), which states that "[c]harges for the late payment of assessments . . . may be imposed only after the association has provided notice that the assessment is overdue or provided notice that the assessment is considered overdue after a certain date." They also argued that because they had paid the

---

[2] The Glawes submitted a change of address to the Association on their other property so that notices could be mailed to them in Iowa.

assessments, the Association was barred from foreclosing on the property under A.R.S. § 33-1807(A).[3]

¶7      After considering the supplemental pleadings, the court ruled as follows:

> The Court grants [the Association's] Motion for Summary Judgment for breach of contract only. The Court will permit [the Association] to file an application for attorney's fees and costs.
>
> The Court agrees with the [Glawes] . . . that [the Association] did not timely and properly invoice for any late fees or collection fees.
>
> [The Association] is not entitled to recover those alleged damages.
>
> [The Association] is not entitled to the remedy of foreclosure now that the assessments have been paid.

¶8      The Glawes then requested reconsideration of the ruling. They argued that because the "late fees and collection fees" were "the only damages, other than [the Association's] attorneys' fees, that [were] still at issue," the Association could not "recover any underlying damages, which is an essential element of any breach of contract claim." As a result, the Glawes claimed the Association "should not be granted summary judgment for breach of contract." They added that "[b]ecause an award of attorneys' fees comes after the resolution of the underlying dispute, and [the Association] ha[d] no underlying damages to recover, it [could not] prevail on its breach of contract claim." After the Association responded that under the CC&Rs "the Association's attorneys' fees and costs qualf[ied] as part of the Association's underlying damages," the Glawes asserted that the CC&Rs' language only required the payment of attorneys' fees and costs incurred in collecting principal assessments, late fees, and collection costs, and because they had paid "[t]he principal assessments . . . and the claims for late fees and collection costs were rejected[,] . . . the

---

[3] The statute states that an association may foreclose on a property "only if the owner has been delinquent in the payment of monies secured by the lien, *excluding reasonable collection fees, reasonably attorney fees and charges for late payments of and costs incurred with respects to those assessments*, for a period of one year or in the amount of one thousand two hundred dollars or more." A.R.S. § 33-1807(A) (emphasis added).

attorneys' fees claimed were not 'incurred in connection with the collection' of [the assessments] [and could not] be recovered." Thus, because they had "paid all undisputed amounts and the Court ha[d] rejected [the Association's] remaining claims . . . . the Court should reconsider its ruling and deny [the Association's] motion for summary judgment in its entirety." The Association then filed their application for $36,264.50 in attorneys' fees, arguing, among other things, that it was the prevailing party under A.R.S. § 12-341.01(A).

¶9 After reviewing the motions, the court entered a final judgment stating that "[a]lthough each side did prevail on certain issues in the case, the Court finds, under the totality of circumstances, the [Association] was the prevailing party." As a result, the court granted the Association $7,500 in reasonable attorneys' fees. The Glawes appeal the ruling, and we have jurisdiction pursuant to A.R.S. § 12-2101(A).

## DISCUSSION

¶10 The Glawes argue the court erred by granting summary judgment to the Association "despite the fact that [the Association] recovered no principal damages." They also contend the court erred by concluding the Association was the prevailing party because they "paid all assessments due without court intervention." The Association contends, however, that the CC&Rs include the Association's "attorneys' fees and costs as recoverable 'damages.'"

¶11 A moving party is entitled to summary judgment if it shows "that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). We independently review a grant of summary judgment, and "will affirm the judgment if it is correct for any reason." *S & S Paving and Constr., Inc. v. Berkley Reg'l Ins. Co.*, 239 Ariz. 512, 514, ¶ 7 (App. 2016).

¶12 "It is well established that, in an action based on a breach of contract, the plaintiff has the burden of proving the existence of a contract, breach of the contract, and resulting damages." *Chartone, Inc. v. Bernini*, 207 Ariz. 162, 170, ¶ 30 (App. 2004). Here, there is no question that the parties entered into the contract when the Glawes purchased the property subject to the CC&Rs, and that the Glawes breached the contract by failing to pay the quarterly assessments even after a demand by the Association's lawyers. The issue is whether the Association suffered any "resulting damages."

¶13         The Glawes contend that because they paid the assessments after the lawsuit was filed and before judgment was entered, and the court denied the Association's request for late fees under A.R.S. § 33-1803(A), the Association suffered no "resulting damages." We disagree.

¶14         "CC & Rs constitute a contract between the subdivision's property owners as a whole and individual lot owners." *McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons*, 216 Ariz. 266, 269, ¶ 14 (App. 2007). And "when one party's breach of contract places the other in a situation that 'makes it necessary to incur expense to protect his interest, such costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages.'" *Desert Mountain Prop. Ltd. P'ship v. Liberty Mut. Fire Ins. Co.*, 225 Ariz. 194, 209, ¶ 61 (App. 2010); *see also Kresock v. Gordon*, 239 Ariz. 251, 253–54, ¶ 8 (App. 2016). "The expenses, however, are recoverable only if they are a foreseeable result of the breach." *Desert Mountain*, 225 Ariz. at 209, ¶ 61.

¶15         The Glawes agreed to pay under Article IV, Section 4.01(a) of the CC&Rs, "all accrued interest, court costs, attorney fees, late fees, penalties, fines, and all other expenses incurred in connection with the collection of [assessments], whether or not a lawsuit or other legal action is initiated." Therefore, even assuming the argument that the voluntary payment of the assessments after the lawsuit was filed precluded those assessments from being considered "resulting damages" under the breach of contract claim, recovery of the attorneys' fees still constituted damages because the Glawes' failure to pay the assessments required the Association to hire counsel, seek to recover the assessments, and then prosecute the claim. Thus, when the breach of contract required the Association to protect its interests, costs and expenses, including attorneys' fees, should be treated as the legal consequences of the breach because they are a foreseeable result of the breach. *See Desert Mountain*, 225 Ariz. at 209, ¶ 61. Accordingly, the court did not err by granting summary judgment on the breach-of-contract claim or exercising its discretion and awarding the Association a portion of its requested attorneys' fees. *See McDowell Mountain Ranch*, 216 Ariz. at 269–70, ¶¶ 14–18.

¶16         The Glawes also argue the court should have denied summary judgment because of "the continued existence of numerous questions of fact in relation to breaches of the covenant of good faith and fair dealing." Specifically, they argue the Association breached the implied covenant of good faith and fair dealing by failing to send the quarterly

assessment notices to their out-of-state address.[4]  However, the CC&Rs do not address the issue.  And because the Glawes have not directed us to any law requiring the Association to automatically use an address other than the residential community address, they have not raised a genuine issue of material fact that would preclude the court from granting summary judgment.[5]

¶17        Finally, the Glawes argue the court erred by concluding that the Association was the successful party, entitling it to reasonable attorneys' fees.  Under A.R.S. § 12-341.01(A), "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees."  A "court's determination of which party is successful and thus entitled to a fee award generally will be upheld absent an abuse of discretion." *American Power Products, Inc. v. CSK Auto, Inc.*, 242 Ariz. 364, 367, ¶ 12 (2017).

¶18        The Glawes' argument that the Association is not the prevailing party rests on their argument that the court erred by granting the Association summary judgment on its beach-of-contract claim.  However, given our resolution that the court did not err, *see supra* ¶ 15, we find no abuse of discretion.[6]

**ATTORNEYS' FEES**

¶19        Both the Glawes and the Association request attorneys' fees and costs on appeal.  We deny the Glawes' request because they have not prevailed on appeal.  We grant the Association's request for attorneys' fees

---

[4] The Glawes did not list the breach of the implied covenant of good faith and fair dealing as an affirmative defense in their answers. *See* Ariz. R. Civ. P. 12(b).

[5] In 2009, the Glawes signed a Change of Address form on their other property.  The form provided, "We are unable to change your mailing address without this form being completed."  The form also provided: "If you do not reside at the property address above, please provide an alternative mailing address below."  Consequently, they had notice that they needed to submit a change of address form to receive assessment and other notices at any address other than the residential community address.

[6] The Glawes also make arguments on appeal that were not raised to the superior court.  Those arguments are waived on appeal and we will not address them. *See Marquette Venture Partners II, L.P. v. Leonesio*, 227 Ariz. 179, 184, ¶ 21 (App. 2011).

in accordance with the CC&Rs, and will award them reasonable fees and costs on appeal upon compliance with ARCAP 21. *See* A.R.S. § 12-341.01.

## CONCLUSION

**¶20** Based on the foregoing, we affirm the superior court's grant of summary judgment in favor of the Association.



AMY M. WOOD • Clerk of the Court
FILED: AA