NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

FEDERAL INSURANCE COMPANY, *Plaintiff/Appellee*,

*v.*

SKYQUEST AVIATION, LLC, *Defendant/Appellant*.

No. 1 CA-CV 21-0765
FILED 1-19-2023

Appeal from the Superior Court in Maricopa County
No.  CV2019-092960
The Honorable Rodrick J. Coffey, Judge

**AFFIRMED**

COUNSEL

Satterlee Gibbs PLLC, Chandler
By Galen H. Satterlee, K. Scott Reynolds
*Counsel for Plaintiff/Appellee*

Mick Levin PLC, Phoenix
By Mick Levin
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Acting Presiding Judge Randall M. Howe delivered the decision of the court, in which Chief Judge Kent E. Cattani and Judge D. Steven Williams joined.

---

**H O W E**, Judge:

**¶1** Skyquest Aviation, LLC ("Skyquest") appeals the judgment in favor of Federal Insurance Company ("Federal"). For the follow reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** In 2012, Federal, an insurance company, delivered a helicopter from one of its insureds to GCH Services, L.L.C. ("GCH")—a "full-service aviation support company" founded by William Tresky and headquartered in Arizona—for maintenance and repairs. The helicopter was damaged. Federal sued GCH alleging that the helicopter was damaged in GCH's care. In April 2015, the trial court entered a $380,053 judgment against GCH.

**¶3** On October 2, 2015, Tresky founded Skyquest, which maintained service contracts with governmental entities and was based in Arizona. In October 2019, Federal sued Skyquest alleging that GCH had transferred funds and government contracts to Skyquest in November and December 2015 without paying GCH consideration. Federal alleged that Skyquest was liable to pay the 2015 judgment under successor liability because it was a "mere continuation or reincarnation of GCH" and the transfer of the contracts was to fraudulently avoid debt liability. It further alleged that GCH's transfer of government contracts was made with "actual intent to hinder, delay or defraud [Federal]" because GCH became insolvent after the transfer. Federal asserted that it did not discover these transfers until March 2018. Federal requested $281,400 plus interest in relief.

**¶4** Skyquest moved to dismiss for failure to state a claim and argued that the three-year statute of limitations of A.R.S. § 12–543(3), governing actions for relief on grounds of fraud or mistake, time-barred Federal's claims. Federal responded to the motion, arguing that the 10-year statute of limitations under A.R.S. § 12–1551(A), governing actions on

judgments, controlled because Federal sought enforcement of a judgment. Alternatively, it argued that the four-year statute of limitations period applied under the A.R.S. § 12–550 catch-all statute. Further, it argued that its claim was timely under Arizona's discovery rule since Federal discovered the alleged fraudulent transfer of GCH assets to Skyquest in March 2018. The court denied the motion for the reasons in Federal's response.

¶5         The court conducted a jury trial on the successor liability and fraudulent transfer claims. Before the defense rested, Skyquest moved for a directed verdict on all counts, arguing that the successor liability claim elements had not been met and no evidence existed to show a fraudulent transfer of assets between the companies. The court denied the motion. Before the verdict, the defense renewed their motion, and the court again denied it. The jury entered a verdict for Federal, and the court entered judgment awarding it over $260,958.86 plus interest, fees, and costs. Skyquest timely appealed.

## DISCUSSION

¶6         Skyquest argues that the court erred (1) in not dismissing Federal's successor liability claim because it was time-barred, and (2) in denying its motion for directed verdict because evidence was not sufficient for a reasonable person to find Skyquest liable for GCH's debts. We review de novo an order denying a motion to dismiss and the applicability of a statute of limitations. *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012) (motion to dismiss); *Cook v. Town of Pinetop-Lakeside*, 232 Ariz. 173, 175 ¶ 10 (App. 2013) (statute of limitations).

## I.      Statute of Limitations

¶7         The court properly denied Skyquest's statute of limitations argument but "reached the right result for the wrong reason." *See BNCCORP, Inc. v. HUB Int'l Ltd.*, 243 Ariz. 1, 8 ¶ 29 (App. 2017). Federal argues that the 10-year statute of limitations under A.R.S. § 12–1551 governs. But an "action on the judgment" under that statute is limited to renewing a judgment. *Specialty Cos. Grp., LLC v. Meritage Homes of Ariz., Inc.*, 251 Ariz. 365, 368 ¶¶ 15–16 (2021) (holding that alter ego action was not an attempt to renew a judgment but a collection action). Here, Federal's action against Skyquest is not an attempt to renew the judgment against GCH but rather a new action to collect the remaining judgment from Skyquest. *See Fid. Nat'l Fin. Inc. v. Friedman*, 225 Ariz. 307, 312 ¶ 25 (2010) (holding that collection actions do not "serve to renew a judgment").

¶8 Contrary to Skyquest's position, because successor liability does not fall under any specific statute of limitations, the catch-all statute of limitations in A.R.S. § 12–550 applies: "Actions other than for recovery of real property for which no limitation is otherwise prescribed shall be brought within four years after the cause of action accrues, and not afterward." *See also Ranch 57 v. City of Yuma*, 152 Ariz. 218, 222 (App. 1986) (applying A.R.S. § 12–550 to regulatory takings).

¶9 The action was brought within the four-year time period. Skyquest was formed on October 2, 2015, and Federal sued Skyquest on October 1, 2019. Federal argues that under the discovery rule, the cause of action accrued in March 2018 when it learned of the asset transfer during William Tresky's deposition testimony. *See Wyckoff v. Mogollon Health All.*, 232 Ariz. 588, 591 ¶ 9 (App. 2013) (stating the statute begins to run when plaintiff "knows or should know she has been injured and when she likewise 'knows or with reasonable diligence should know the facts underlying the cause'"). Skyquest argues that such evidence is inadmissible. But regardless of the discovery rule, the cause of action against Skyquest could not have accrued before Skyquest's formation.

¶10 Skyquest argues that the three-year limitations period for fraud under A.R.S. § 12–543(A) governs Federal's claim. But successor liability is not a claim for fraud, although showing that a corporation fraudulently transferred assets to its successor corporation to escape debt liability is one of the four grounds to prove liability. *See Warne Invs., Ltd. v. Higgins*, 219 Ariz. 186, 191 ¶ 16 (App. 2008); *A.R. Teeters & Assocs., Inc. v. Eastman Kodak Co.*, 172 Ariz. 324, 329 (App. 1992) (stating that "[w]hether a successor corporation will be liable for a predecessor corporation's debts 'depends upon the nature of the transaction which gives rise to the change of ownership'"). Even so, Federal also alleged the "mere continuation" ground of successor liability. *See Higgins*, 219 Ariz. at 191–92 ¶¶ 16–18 (A successor corporation is a mere continuation of a predecessor corporation where the two have "a substantial similarity in the ownership and control" and "'insufficient consideration running from the new company to the old' for the assets passing to the new company."). Federal's action was timely. Therefore, the trial court did not err in denying Skyquest's motion to dismiss on the statute of limitations grounds. [1]

---

[1] Federal has moved to strike part of Skyquest's reply brief, arguing that it has raised new statute of limitations arguments. But Skyquest properly rebutted the arguments in Federal's answering brief and therefore

## II.   Sufficiency of the Evidence

**¶11**      We lack jurisdiction to review the sufficiency of evidence on appeal because Skyquest did not move for a new trial or a post-verdict judgment as a matter of law. "On an appeal from a final judgment the supreme court shall not consider the sufficiency of the evidence to sustain the verdict or judgment in an action tried before a jury unless a motion for new trial was made." A.R.S. § 12–2102(C). This statute also applies to the court of appeals. *See, e.g.*, *Williams v. King*, 248 Ariz. 311, 317 ¶ 30 (App. 2020) (finding that the court of appeals lacks jurisdiction to consider the sufficiency of evidence to sustain a jury verdict because defendants failed to move for a new trial); *Marquette Venture Partners II, L.P. v. Leonesio*, 227 Ariz. 179, 181–82 ¶¶ 5–11 (App. 2011) (holding that the court appeals's jurisdiction to review sufficiency of the evidence is limited by A.R.S. § 12–2102(C)).

**¶12**      Where a party moves mid-trial for directed verdict under Arizona Rule of Civil Procedure ("Rule") 50(a), it must move post-trial under Rule 50(b) to preserve appellate jurisdiction. *Williams*, 248 Ariz. at 317 ¶ 31 (A "mid-trial motion under Rule 50(a) alone will not preserve our jurisdiction unless 'followed by a post-verdict Rule 50(b) motion.'"); *Leonesio*, 227 Ariz. at 182, 183 (holding that "a Rule 50(a) motion is insufficient to satisfy the jurisdictional requirement of [A.R.S.] § 12–2102(C)"); *see also Warner v. Sw. Desert Images, LLC*, 218 Ariz. 121, 127 ¶ 8 n.4 (App. 2008) (noting that the term "directed verdict" is used interchangeably with "judgment as a matter of law"). Here, Skyquest did not move for a new trial. Instead, it moved for directed verdict before closing arguments but did not move for a post-verdict judgment as a matter of law under Rule 50(b). Thus, this court does not have jurisdiction to address Skyquest's sufficiency of the evidence arguments.

**¶13**      Skyquest argues that A.R.S. § 12–2102(A) allows us to review the denial of its directed verdict motion. That provision provides that the court "shall review any intermediate order involving the merits of the action and necessarily affecting the judgment." An intermediate order is one "made between commencement of the action and final judgment, which is not separately appealable." *Rourk v. State*, 170 Ariz. 6, 13 (App. 1991). But A.R.S. § 12–2102(C) expressly precludes the type of sufficiency-of-the-evidence review that Skyquest seeks and is thus "'an exception' to the broad scope of review granted under § 12–2102(A)." *Leonesio*, 227 Ariz.

did not waive those arguments. *See* Ariz. R. Civ. App. P. 13(c). We thus deny the motion.

at 182 ¶ 7 (quoting *Lewis v. S. Pac. Co.*, 105 Ariz. 582, 583 (1970)). Thus, we lack jurisdiction to review the denial of Skyquest's motion for directed verdict.

**CONCLUSION**

**¶14** For the reasons stated, we affirm. Federal requests its reasonable attorneys' fees and costs against Skyquest pursuant to A.R.S. § 12–349, which applies to a party that brings or defends a claim without substantial justification, brings or defends a claim primarily for delay or harassment, unreasonably expands or delays the proceeding, or engages in abuse of discovery. Although we have affirmed the trial court's ruling, we do not find that Skyquest's arguments were so meritless that awarding fees is justified. As the prevailing party, however, Federal is entitled to its costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA